[Civ. No. 1029.    Second Appellate District.—May 29, 1913.]

BARBARA CAROLINE RALPHS, Guardian of the Person and Estate of Viktor Dreher, Incompetent, Respondent, v. ARND D. BRUNS et al., Appellants.

ATTACHMENT—AMENDMENT OF COMPLAINT—WHETHER ALLOWABLE.— While it is true that where a sufficient affidavit is filed in an action upon an express or implied contract for the direct payment of money, even though the complaint be insufficient to state a cause of action, a subsequent amendment of the complaint not changing the character of the action may be allowed without affecting the writ of attachment previously issued, yet the writ must state the amount of the demand in conformity with the complaint.

ID.—VARIANCE—WRIT STATING AMOUNT IN EXCESS OF DEMAND IN COMPLAINT.—An attachment should be dissolved where the affidavit and the writ state an amount far in excess of the amount demanded in the complaint.

ID.—ATTACHMENT NOT ALLOWABLE IN SUIT TO CANCEL INSTRUMENT.— The action in this case for the cancellation of a deed and an assignment of a mortgage, alleged to have been procured by fraud, is not an action which comes under section 537 of the Code of Civil Procedure, authorizing attachments.

APPEAL from an order of the Superior Court of Los Angeles County refusing to dissolve an attachment. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Willis S. Mitchell, for Appellants.

MacGowen & Haas, for Respondent.

ALLEN, P. J.—The amended complaint filed in this proceeding alleged the incompetency of Dreher at all times mentioned therein, an adjudication thereof, and the regular appointment of plaintiff as guardian. Further, that in August, 1910, defendants procured Dreher to convey to them certain real estate described in the complaint at an agreed price of $2,634.50, and, in addition, to assign and transfer a certain mortgage, the amount of which is not disclosed, for the consideration of two hundred dollars; that defendants paid to Dreher five hundred and ninety dollars in cash and executed to him five promissory notes each for $387.20, neither of which notes had matured at the commencement of the action. It is further averred that, as a part of the same transaction, defendants borrowed from Dreher $275, executing a promissory note therefor, which note appears to have matured at the commencement of the action. It is alleged that this conveyance and assignment was procured by fraud, the fraud alleged being a statement made by defendants and believed by Dreher, and upon the faith of which the conveyance and assignment were made, that the personal notes of the purchasers were security for the deferred payments. This is alleged to be false; that the notes had no value whatever. The prayer of the complaint was for the cancellation of the deed and assignment of mortgage, and such other relief as the court might deem proper in the premises. Plaintiff, upon the filing of such amended complaint, made an affidavit that the defendants were indebted to her as guardian in the sum of $3,150, over and above all legal set-offs and counterclaims, upon an implied contract for the direct payment of money, to wit: the return of money and property on rescission of contract of sale, obtained fraudulently and no security was held therefor, etc. A writ of attachment was accordingly issued for the amount specified in the affidavit, which was levied upon the property of defendants. Defendants moved the court to dissolve the attachment for the reason that the cause of action

under which plaintiff seeks relief does not come under the provisions of section 537 of the Code of Civil Procedure. This motion was denied, from which order denying the motion defendants appeal.

While it is true that where a sufficient affidavit is filed in an action upon an express or implied contract for the direct payment of money, even though the complaint be insufficient to state a cause of action, a subsequent amendment of the complaint not changing the character of the action may be allowed without affecting the order of attachment previously issued, yet the writ must state the amount of the demand in conformity with the complaint. The action in this case is not one for damages, but, on the contrary, only seeks to avoid the effect of the conveyance and assignment, and the only relief sought is equitable in its nature. Assuming that plaintiff was entitled to the relief sought the only implied agreement or contract which could serve as a basis for a money judgment would be the $37.50 alleged to have been paid for a certificate of title and record of deeds and this only through appropriate amendments to the complaint. The writ specified the amount demanded in the complaint to be $3,150. This variance being such a material departure from the requirements of the statute, vitiates the proceedings and renders the writ utterly void. (*Kennedy* v. *California Savings Bank,* 97 Cal. 99, [33 Am. St. Rep. 163, 31 Pac. 846].) This rule, however, has been said not to apply where the amount stated in the writ is less than that demanded in the complaint. (*De Leonis* v. *Etchepare,* 120 Cal. 414, [52 Pac. 718].) There is a statement in the complaint that a note was executed to the incompetent for the money borrowed. Its nonpayment is not averred, nor is there any demand for judgment on account thereof, and, if considered at all, it is an express and not an implied contract. The latter character being by the affidavit alleged as to the existence of the indebtedness. But were we even to assume that the allegations of the complaint with reference to this note and the repayment of the amount paid by the incompetent for certificate of title and record of deeds were so attempted to be alleged as to entitle it to consideration as an independent cause of action for money, and that the total brought the amount within the jurisdiction of the superior court, still we are confronted with the fact that the

affidavit and writ stated an amount far in excess of the amount demanded in the complaint, if any demand be assumed. Respondent bases her right to the writ upon the theory that the consideration for the transfer having wholly failed, she could recover the amount of the purchase money upon an implied contract. This is true in instances where parties stand upon the contract and seek to recover by action an amount of money paid for that which possesses no value. In this case, however, plaintiff seeks rescission and the cancellation of the deed, seeks to avoid the contract, and a complete restoration of the property conveyed, retaining the five hundred and ninety dollars in cash received. It is not such an action as would permit a recovery of judgment for the value, or the agreed consideration, but an election to pursue an entirely different remedy. Had there been appropriate allegations of a transfer of the property received by defendants to innocent parties, and the action was one to recover the value, based upon fraudulent representations, the authorities cited by respondent would be in point.

We are of opinion that the court erred in refusing to dissolve the attachment.

The order appealed from is, therefore, reversed.

James, J., and Shaw, J., concurred.