[Civ. No. 18448. First Dist., Div. One. Nov. 16, 1959.]

RUTH A. MINOR, Respondent, v. CECIL C. MINOR, Appellant.

Harry M. Gross and J. Elwood Andresen for Appellant.

Lawlor & McKibben and Eugene K. Lawlor for Respondent.

BRAY, P. J.—Defendant appeals from an order refusing to dissolve an attachment.

## QUESTION PRESENTED

May a writ of attachment issue for unpaid installments in a property settlement agreement?

## RECORD

The complaint upon which the writ of attachment was based, alleges that the parties were formerly husband and wife; that on September 25, 1957, the parties entered into an agreement in which among other things plaintiff agreed to waive her claim to alimony in the divorce action then pending, and to past due support payments, and defendant would pay plaintiff $10,000 within 15 days and "the balance of Nine Thousand ($9,000) Dollars"* payable at the rate of $175 per month, commencing October 24, that thereafter the same day plaintiff secured an interlocutory decree of divorce which provided that the community property, other than household goods, be awarded to defendant "out of which" defendant shall pay to plaintiff $10,000, payable $1,000 in 15 days, and the balance of $9,000 at $175 per month commencing October 24. Defendant did not make payments on time but after an attachment was made and other proceedings had, and at the time of filing suit, the situation was that the installments due on February 24 and March 24, 1958, were unpaid; that defendant had refused to comply with the contract, had repudiated it and on many occasions stated that he had no intention

---

*Apparently there is an error here. As appears from the arguments in the briefs and the prayer of the complaint the total sum to be paid by defendant was only $10,000 and not $19,000 as alleged.

of paying any further sums. For a second cause of action, the complaint alleges in addition to the matters above set forth that defendant owns a certain jewelry store and three-quarters interest in another jewelry store; that these stores are defendant's only assets and sources of income; that defendant has told plaintiff he intends to sell both stores, take the proceeds and make his residence in Kansas, thereby defeating plaintiff's rights under the contract and leaving plaintiff without an adequate legal remedy. Plaintiff prays for $8,275 and for an injunction restraining defendant from disposing of said property. Plaintiff's affidavit for attachment alleged that defendant was indebted to her in the sum of $8,275 "upon an express contract for the direct payment of money, to wit: written contract and judgment entered thereon." Defendant answered, admitting nonpayment of the February and March installments, alleging that financial problems prevented him from doing so, and denying repudiation of the contract or intention to sell his property and leave the state. Defendant moved to discharge the attachment, claiming that the complaint shows that the writ of attachment was improperly issued in that the complaint shows that only a small portion of the amount claimed is due.

## ATTACHMENT PROPER

It is not clear from the allegation in the complaint of the terms of the interlocutory decree of divorce whether the court, in awarding plaintiff the sum of $10,000, did so under the contract or otherwise. The decree did not allude to the contract in any way. ■ This is immaterial, however, for if the contract were a part of the decree, as said in *Grotheer* v. *Meyer Rosenberg, Inc.*, 11 Cal.App.2d 268, 272, 273 [53 P.2d 996] : ". . . it is well settled that an action based on a judgment is an action based on a contract . . ." ■ ". . . the judgment becomes a debt which the judgment debtor is obligated to pay and the law implies a contract on his part to pay it." (See also *Becker* v. *Becker*, 36 Cal.2d 324, 326 [223 P.2d 479].) ■ Thus if the agreement was merged in the decree and the attachment was based thereon or if it was based upon the agreement itself, attachment would lie under section 537, subdivision (1), Code of Civil Procedure, which provides that an attachment may be had in an action upon a contract, express or implied, for the direct payment of money.

Defendant contends that the attachment was improperly issued because the amount claimed is excessive. (He admits

he owes $350.) ▮ It is well settled that the issue of a defendant's liability or its extent may not be determined on a motion to discharge an attachment, otherwise such motion would be turned into a trial of the case on its merits. (*Republic Truck Sales Corp.* v. *Peak* (1924), 194 Cal. 492, 503 [229 P. 331].) ▮ Nor can the motion serve the purposes of a demurrer to test the sufficiency of the complaint. (*Peninsula etc. Co.* v. *County of Santa Cruz* (1950), 34 Cal.2d 626, 629 [213 P.2d 489]; *Rose* v. *Pearman* (1958), 163 Cal. App.2d 480, 483 [329 P.2d 501]; 1 Witkin, California Procedure, § 93, p. 926.) In the Republic case the defendant moved to dismiss an attachment. One ground for the motion was that the affidavit was false and untrue in its allegation that the defendant was indebted to the plaintiff for $50,075.19. The court held that this ground was insufficient, because if it were a denial of the indebtedness it was an attempt to put in issue the merits of the case.

The cases cited by defendant are not in conflict with the above rule. *San Francisco Iron etc. Co.* v. *Abraham* (1931), 211 Cal. 552 [296 P. 82], was held to be an action in tort and not on contract and hence an attachment could not lie. In *Lencioni* v. *Dan* (1954), 128 Cal.App.2d 105, 108 [275 P.2d 101], the attachment was discharged because the court found that the debt sued upon was secured and therefore not within section 537, subdivision (1). In *Ralphs* v. *Bruns* (1913), 22 Cal.App. 153 [133 P. 997], the court held that the complaint on which the attachment was issued was not one for money but seeking equitable relief from the effect of a conveyance and assignment. Moreover, said the court, if it could spell out an independent cause of action for money, the affidavit and writ stated an amount far in excess of the amount demanded in the complaint, if any demand be assumed. ▮ "An attaching plaintiff may claim in his affidavit the maximum amount of the alleged liability of the defendant, and the fact that within these limits the claim appears to be exaggerated, does not furnish a ground for discharging the attachment, nor does the fact that there appears to be but slight prospect that plaintiff will recover anything." (*Lewis* v. *Steifel* (1950), 98 Cal.App.2d 648, 651 [220 P.2d 769].)

In view of the above rule and the fact that admittedly there were sums due plaintiff from defendant upon an express contract for the payment of money, we deem it unnecessary to determine the questions raised by defendant concerning whether attachment will lie for an anticipatory breach of con-

tract, or a total breach of contract where there has been a partial breach by the promisor followed by a repudiation of the contract. (See *Gold Min. & Water Co.* v. *Swinerton,* 23 Cal.2d 19, 29 [142 P.2d 22].)

The order is affirmed.

Tobriner, J., and Foley, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.