[L.A. No. 30544. July 15, 1976.]

ALONSO INVESTMENT CORPORATION, INC., et al.,
Plaintiffs and Appellants, v.
JEROME L. DOFF, Defendant and Respondent.

**COUNSEL**

Andres Alonso, Jr., and Patrick O. Meissner for Plaintiffs and Appellants.

Trope & Trope and Timothy S. Harris for Defendant and Respondent.

**OPINION**

**RICHARDSON, J.**—We consider the application of pertinent sections of the Code of Civil Procedure which establish limitation periods for the issuance and enforcement of writs of execution. Subject to the conditions imposed by sections 683 and 688 we will conclude that a writ of execution issued within the 10-year period provided in section 681 remains enforceable after expiration of the period without the necessity of the formal notice and motion contemplated by section 685. We will therefore reverse the trial court's contrary ruling and remand the case with appropriate instructions.

On April 15, 1963, First Western Bank and Trust Co., as a plaintiff, obtained a judgment against defendant Jerome L. Doff. Nearly 10 years later, on March 8, 1973, plaintiff Alonso Investment Corporation, Inc., (Alonso), as assignee of the judgment creditor, on application obtained issuance of a writ of execution on the judgment pursuant to Code of Civil Procedure section 681. On September 7, 1973, the writ was delivered to the Marshal of Los Angeles County who levied on defendant's home on September 14, 1973. An execution sale was conducted by the marshal on December 11, 1973, and the property was purchased by plaintiff Alonso. Eleven months later, on November 12, 1974, defendant moved to recall and quash the writ of execution and set aside the marshal's sale. The trial court, consonant with its understanding of Code of Civil Procedure section 685, granted the motion.

We examine the two critical statutes, sections 681 and 685. In relevant part these sections provide, as to section 681: "The party in whose favor judgment is given may, at any time within 10 years after the entry thereof, have a writ or order issued for the execution or enforcement of the judgment," and as to section 685: "In all cases the judgment may be enforced or carried into execution after the lapse of 10 years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of Section 681 . . . ." Section 683 declares that the writ or order of execution issued pursuant to section 681 may be made returnable "at any time not less than 10 nor more than 60 days" after receipt by the levying officer. No levy may bind property subject to execution for longer than one year after issuance of the writ. (*Id.,* § 688.)

■■■ As respondent concedes, the issuance of the writ, and its execution and return, all occurred within the respective time limits prescribed by sections 681, 683 and 688. Respondent, noting the lapse of more than 10 years from date of judgment to levy and sale, argues, however, that section 685 is controlling. ■■■ He insists that even if the writ has been validly applied for and "issued" within the 10-year period described in section 681, and executed within the periods prescribed by sections 683 and 688, section 685 nonetheless prohibits the judgment from being "enforced or carried into execution" more than 10 years after it has been entered, except by leave of court upon notice and hearing. We disagree.

We note first the clear language of section 681, which permits "issuance" of the writ or order "at *any* time within 10 years" after entry of judgment. (Italics added.) Under respondent's interpretation, a writ validly issued on the last day of the 10-year period would have to be "carried into execution" instantaneously, or it could not be enforced at all, except upon further notice and hearing. Section 683 provides that the writ may not be made returnable less than 10 days after its issuance. It follows, accordingly, that if the time for actual levy and sale was included in the 10-year period, a writ issued within 10 days of the end of that period, though valid at the outset, would be unenforceable in the absence of a further noticed motion and order. There is no indication the Legislature intended such a complicated and unnecessary result. Our interpretation is strengthened by the express provision of section 683 that the writ may be made returnable "at any time" between 10 and 60 days after its receipt by the officer to whom it is directed, or, if the execution is upon the earnings of the judgment debtor, upon the termination of the levy of execution as provided in section 682.3, to the court in which the judgment is entered.

A close scrutiny of section 685 itself also reinforces our conclusion that it is not intended to limit the effect of section 681. In moving for "enforcement" of a judgment under section 685, the judgment creditor must supply affidavits "setting forth the reasons for failure to proceed in compliance with the provisions of Section 681 . . . ." A failure to express such reasons constitutes sufficient grounds to deny the motion. (*Id.*) ■ Thus, by its terms, section 685 is intended to provide a means of "enforcement" *where there has been an excusable failure to seek satisfaction of the judgment* within the 10-year period. (*Butcher* v. *Brouwer* (1942) 21 Cal.2d 354, 357 [132 P.2d 205].) Section 685 simply furnishes a judgment creditor with an *additional* means whereby he may obtain execution when he has failed to comply with section 681. ■ As we have indicated, plaintiff in the instant case *did* comply with section 681. Accordingly, section 685 is inapplicable.

We find in section 685 no language from which a limitation on the effect of section 681 could be inferred. ■ Section 685 simply allows a court to permit execution where due to circumstances beyond the creditor's control, his judgment has been rendered ineffectual by expiration of the statutory period within which enforcement is ordinarily allowed. (*Shapiro* v. *Cahill* (1963) 219 Cal.App.2d 772, 775 [33 Cal.Rptr. 601].)

Respondent finds significance in the language of section 685 which describes the time when a judgment may be "enforced or carried into execution" contrasted with that of section 681 which refers to the "issuance" of execution. ■ He asserts that the phrase "enforced or carried into execution" refers to actual levy and sale of the property subject to execution. As previously noted, however, such a construction is inconsistent with the manifest intent of section 685, which read as a whole, supplements rather than limits section 681. The distinction in phrasing of the two sections which respondent emphasizes has a more reasonable explanation. By using the inclusive word "enforced" in section 685, the Legislature has simply made that section applicable not only to writs of execution; but to any appropriate means of enforcement of a dormant judgment. (E.g., *Pemberton v. Pemberton* (1950) 95 Cal.App.2d 472, 479 [213 P.2d 118]; 5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgments, § 199, p. 3553.) We conclude that a judgment may be deemed "enforced or carried into execution" when an order or writ of execution based upon that judgment is obtained.

While there is little authority on the precise point, decisions dealing with related factual situations point to the conclusion that application for the writ satisfies the 10-year statutory limitation imposed by section 681.

It has consistently been held, for example, that under section 681, a judgment creditor is entitled as a matter of right to issuance of execution on all unpaid installments accruing within the limitation period prior to application for the writ. (*Di Corpo v. Di Corpo* (1948) 33 Cal.2d 195, 201 [200 P.2d 529]; *Lohman v. Lohman* (1946) 29 Cal.2d 144, 149-150 [173 P.2d 657]; *Gaston v. Gaston* (1896) 114 Cal. 542, 547 [46 P. 609].) Issuance of execution upon installments accruing beyond the period provided in section 681 is discretionary, depending upon the particular circumstances. (See *Bryant v. Bryant* (1958) 161 Cal.App.2d 579, 582-583 [326 P.2d 898].)

Similarly, under circumstances analogous to those now before us, the federal Court of Appeals in *Lone Jack Min. Co. v. Megginson* (9th Cir. 1897) 82 F. 89, was called upon to interpret California's procedural scheme for obtaining a writ of execution on a judgment. The issue involved the validity of a foreclosure sale, where the order of sale had been made within five years after the foreclosure decree, but the sale took place after expiration of the five-year period. The court refused to quash the order for sale, explaining: "It is provided by section 681, Code

Civ. Proc., that an execution may issue at any time within five years after the date of the judgment entry. It has been held that an order of sale is an execution, within the meaning of this section. [Citations.] If an execution may issue at any time within five years, it follows that the execution so lawfully issued may be enforced. There is no provision of the laws of California providing otherwise, and no decision of the courts of that state is found holding to the contrary." (*Id.,* at p. 92.)

We note further an analogy between the sections before us and sections 335 and 337.5 of the Code of Civil Procedure. █ Read together, these latter sections permit an *action* enforcing a judgment to be *commenced* at any time within 10 years after that judgment has been entered. Once an action is begun within the statutory period, the creditor's right to recover remains alive, even though the 10-year period may subsequently expire. (See *Donian* v. *Danielian* (1928) 90 Cal.App. 675, 678-679 [266 P. 817].) Correspondingly, logic suggests that when the enforcement of a judgment is commenced by issuance of a writ of execution within the 10-year period provided by section 681, the right to act upon the writ remains despite subsequent expiration of that period.

Finally, the writ itself supports the view that once validly issued under section 681, the writ is not subsequently rendered invalid by reason of the expiration of the 10-year statutory period. The Legislature in section 682.1 has prescribed the form of the writ which bears only the dates of the judgment and issuance of the writ. Under the provisions of section 681 the time during which enforcement is stayed is excluded from computation of the 10-year period. The levying officer, however, has no way of determining whether any stay of enforcement has occurred. The face of the writ gives no such information. The writ simply advises the officer that he is commanded to enforce the judgment, that he must make a return within 60 days of receipt of the writ (Code Civ. Proc., § 683), and that his levy will be good for no more than one year from the date the writ was issued (*id.,* § 688).

From these circumstances it is reasonable to conclude that the Legislature (1) did not require the clerk to show upon the face of the writ the date the 10-year period is to expire because that date was of no concern to the levying officer, and (2) did not intend to provide for the issuance of writs which were preordained to expire at a date unknown to the levying officer.

We conclude that a writ of execution issued within the time provided in Code of Civil Procedure section 681 is enforceable without further notice and hearing, subject only to the limitations of Code of Civil Procedure sections 683 and 688. No policy or equitable considerations suggest a contrary result. The Legislature is fully sensitive to the conflicting interests of the debtor and creditor within the foregoing context. It is fully capable of amending the statutory pattern if it concludes that further notice or other requirements are necessary in order to protect the judgment debtor.

The requisite time limitations were met in the matter before us. The trial court's order accordingly is reversed and the cause is remanded with instructions to deny the motion to quash the writ of execution and set aside the marshal's sale.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Clark, J., concurred.

On August 12, 1976, the opinion was modified to read as printed above.