ELIZABETH WEBSTER DANIEL, Appellant, *v.* ROSMINO NATALE BARENGO, Respondent.

No. 9131

November 10, 1978                    585 P.2d 1348

698

[Rehearing denied December 7, 1978]

*Laub, Clark & Hall, Ltd.,* Reno, for Appellant.

*Halley and Halley,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On December 3, 1969, appellant obtained a judgment against respondent in the amount of $11,035.80. Nearly six years later, on November 26, 1975, appellant sought, and was issued, a writ of execution on the judgment pursuant to NRS 21.010.[1] The writ commanded the Sheriff of Washoe County to satisfy the judgment out of certain real property owned by respondent in Washoe County, Nevada. On December 3, 1975, the judgment lien expired. On January 15, 1976, the Sheriff levied upon respondent's property in Washoe County.

The sale of this property was postponed until March 11, 1976, and, on that date, respondent sought an injunction to stop the sale contending the writ of execution was not enforceable because the levy occurred after the expiration of the statutory judgment lien and after an action on the judgment became barred by the six-year statute of limitations. *See* NRS 17.150; NRS 11.190. The district court agreed and issued a permanent injunction enjoining the sheriff and appellant from selling the subject property.

Appellant contends the district court erred because NRS 21.010 does not require her to levy on the property prior to the expiration of the judgment lien, but rather, requires only that she obtain a writ of execution "at any time within 6 years after the entry" of the judgment. We agree.

NRS 21.010 cannot be construed to require all proceedings

---

[1]NRS 21.010 provides:

"As prescribed in this chapter, the party in whose favor judgment is given may, at any time within 6 years after the entry thereof, issue a writ of execution for its enforcement."

under the writ of execution to be completed prior to the expiration of the six-year period. *See* Alonso Investment Corporation, Inc. v. Doff, 551 P.2d 1243 (Cal. 1976). *Cf.* In re Jackman's Estate, 124 S.W.2d 1189 (Mo. 1939). We approve the rationale of the Missouri Supreme Court in Wayland v. Kansas City, 12 S.W.2d 438, 441 (Mo. 1928) where the Court stated:

> When the Legislature said that an execution could issue at any time within [six] years after the rendition of the judgment, it meant that an execution, with all subsequent proceedings usually attending thereon, could issue on the last day of the [six]-year period and be just as effective in respect to property siezed under its levy as if such execution had issued immediately after the rendition of the judgment. As we construe [NRS 21.010], the validity of a sale under the levy of an execution is not determined by the date of such sale, but by the date of the issuance of the execution under which such sale is had. . . .

Were we to adopt respondent's interpretation of NRS 21.010, a writ validly issued on the last day of the six-year period would have to be carried into execution instantaneously or it could not be enforced at all. The clear language of NRS 21.010 permits issuance of a writ *at any time* within the six-year period. Since NRS 21.040 provides that the writ may not be returned earlier than 10 days after its receipt by the sheriff, "[i]t follows . . . that if the time for actual levy and sale was included in the [six]-year period, a writ issued within 10 days of the end of that period, though valid at the outset, would be unenforceable. . . . There is no indication the Legislature intended such a . . . result." Alonso Investment Corporation, Inc. v. Doff, *supra* at 1244–45.

The judgment is reversed and this case remanded for proceedings consistent with this opinion.