[Civ. No. 60370. Second Dist., Div. Five. June 24, 1981.]

UNITED STATES CAPITAL CORPORATION, Plaintiff and Respondent, v.
ALBERT NICKELBERRY, Defendant and Appellant.

COUNSEL

Strellis & Fike and Spencer W. Strellis for Defendant and Appellant.

Gendel, Raskoff, Shapiro & Quittner and Louis E. Kempinsky for Plaintiff and Respondent.

OPINION

**HASTINGS, J.**—This is an appeal by defendant Albert Nickelberry from a judgment reviving a money judgment in favor of plaintiff United States Capital Corporation which it had obtained approximately 10 years earlier. Defendant's sole defense was based on laches on the part of plaintiff in failing to satisfy or at least attempt to satisfy the original judgment within the 10-year period. The court rejected this argument and defendant appeals.

On June 10, 1969, plaintiff obtained a money judgment against defendant for $13,472.30. By means of an attachment $71.45 was collected on July 10, 1970. No other sums have been recovered. On June 20, 1979, a second writ of execution was obtained by plaintiff, however, according to plaintiff the execution was abandoned because the Sheriff of Alameda County was unable to execute within the 10-year period from the date of the original judgment.

Code of Civil Procedure sections 335 and 337.5,[1] read together, permit an action enforcing a judgment to be commenced at any time within 10 years after the judgment has been entered. Once an action is begun within the statutory period, the creditor's right to recover remains alive, even though the 10-year period may subsequently expire. (*Alonso Inv. Corp. v. Doff* (1976) 17 Cal.3d 539, 545 [131 Cal.Rptr. 411, 551 P.2d 1243].)

On June 7, 1979, three days before the ten-year period would expire, plaintiff filed its action to continue the judgment seeking a sum of $22,890.05. This sum included the original judgment, plus accrued interest. Defendant answered and pleaded an affirmative defense of laches that stated: "Plaintiff has delayed an unreasonable period of time in bringing this action, to wit: ten (10) years, which delay has prejudiced the defendant in that during that ten year period plaintiff made no concerted effort to collect on the original judgment when defendant had discoverable assets and chose merely to let the interest accumulate so that the amount now due is almost double the amount of the original judgment."

At trial, defendant conceded the validity of the first judgment and that the second action was commenced within the 10-year statute of limitations prescribed by section 337.5, subdivision 3. He also stipulated that the judgment remained unsatisfied except for $71.45. No evidence was produced by defendant to support his defense of laches or in what manner he suffered prejudice by the delay. Apparently, it was his belief that the conclusionary pleadings in his answer, which showed a substantial increase in the debt due to accrued interest, was sufficient to demonstrate prejudice. On the other hand he did not place into evidence any attempt on his part to pay the judgment at an earlier date or that he could have paid the judgment.

The court granted the judgment in favor of plaintiff for the principal sum of $13,472.30, plus accrued interest of $10,101.32 and $69 in costs. There are no findings of fact and conclusions of law by the court. We, therefore, do not know whether the court ruled as a matter of law that laches is not a defense to a section 337.5, subdivision 3 action or that

---

[1] Code of Civil Procedure section 335 states: "The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:" (§ 337.5 follows.) It states: "Within 10 years: ... 3. An action upon a judgment or decree of any court of the United States or of any state within the United States."

defendant failed to prove his defense of laches. **(1)** In any event the judgment of the court was correct.

The defense of laches is not available in an action at law. An action based on a judgment is an action based on contract. The judgment becomes a debt which the judgment debtor is obligated to pay and the law implies a contract on his part to pay it. (*Minor* v. *Minor* (1959) 175 Cal.App.2d 277, 279 [345 P.2d 954].) *In Abbott* v. *City of Los Angeles* (1958) 50 Cal.2d 438, 462 [326 P.2d 484], the court stated: "Inasmuch as the second causes of action seek to recover money due as the vested contractual right of plaintiffs ... it is clear that such causes are actions at law rather than in equity.... Inasmuch as laches is not available as a defense to an action at law ... it follows that it is not available to defendants here as a defense to the causes of action seeking money judgments."

An action at law may be brought at any time within the period of the statute of limitations. (7 Witkin, Summary of Cal. Law (8th ed. 1974) Equity, § 14, p. 5240.) Once an action has begun within the statutory period, the creditor's right to recover remains alive, even though the 10-year period may subsequently expire. (*Alonso Inv. Corp.* v. *Doff, supra*, 17 Cal.3d 539, 545.)

While on this subject it is interesting to note that plaintiff abandoned any action on the second execution in 1979 under the impression that it was invalid if not successful before the 10-year period expired. The execution was issued before the 10-year period expired and it is now settled that the execution is valid even though the levy might occur after the 10-year period has expired. This was decided in *Alonso Inv. Corp.* v. *Doff, supra*, 17 Cal.3d 539, 542, 546. However, plaintiff was quite right in proceeding to have the original judgment extended by appropriate action under Code of Civil Procedure section 337.5, subdivision 3, because the execution could have been unsuccessful or obtained only a portion of the judgment. Plaintiff protected itself from this contingency by filing the present action within 10 years.

The defendant, in urging us to apply the defense of laches to an action under section 337.5, subdivision 3, relies on *Butcher* v. *Brouwer* (1942) 21 Cal.2d 354 [132 P.2d 205]. This case involves moving for "enforcement" of a judgment under section 685 of the Code of Civil Procedure which requires a judgment creditor to supply affidavits "setting forth the reasons for failure to proceed in compliance with the

provisions of Section 681 of [the Code of Civil Procedure]." A failure to express such reasons constitutes sufficient grounds to deny the motion. Section 685 provides a means of "enforcement" where there has been an excusable failure to seek satisfaction of the judgment within the 10-year period; therefore, if a judgment creditor is relying on this section for relief he must comply with its requirements. Sections 335 and 337.5, subdivision 3, have no qualifying language or procedural conditions. A judgment creditor is entitled as a matter of right to a judgment on the original judgment providing it is commenced within the 10-year statute of limitations period.

The judgment is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.