**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:  S. DWAYNE CHASTEEN,

Debtor,

_____

FAHEEMAH MUHAMMAD, also
known as Fehema Muhammed, also
known as Minnie Debrow,

Plaintiff-Appellee,

v.

S. DWAYNE CHASTEEN,

Defendant-Appellant.

No.  95-3389
(D.C. No. 95-1152-PFK)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Dwayne Chasteen, the debtor in this bankruptcy action, appeals the district court's affirmance of the bankruptcy court's order holding that the debt owed by Chasteen to Faheemah Muhammad is nondischargeable. The bankruptcy court relied on the decision of a California bankruptcy court in an earlier proceeding holding that the debt was nondischargeable under 11 U.S.C. § 523(a)(6). Because a debt found nondischargeable under § 523(a)(6) is not one of those listed in § 523(b) that can be discharged in a subsequent bankruptcy, the bankruptcy court here determined that principles of res judicata prevented it from revisiting the issue of dischargeability in this, Chasteen's second, bankruptcy.

In reviewing the decision of a bankruptcy court, both we and the district court apply the same standards of review that govern appellate review in other cases. Therefore, we review the bankruptcy court's legal determinations de novo and its factual findings for clear error. See Sender v. Buchanan (In re Hedged-Investments Assocs.), 84 F.3d 1286, 1288 (10th Cir. 1996).

On appeal, Chasteen does not challenge the merits of the bankruptcy court's application of res judicata to the issue of dischargeability. Rather, he

raises the following three challenges: (1) the bankruptcy court lost jurisdiction over Muhammad's claim when the judgment on the claim expired in July 1994; (2) the district court deprived Chasteen of due process by not addressing the foregoing challenge to the bankruptcy court's subject matter jurisdiction; and (3) the district court's findings of fact and conclusions of law were inadequate under Fed. R. Civ. P. 52(a).

In July 1984, Muhammad obtained a California judgment against Chasteen, her former attorney, for legal malpractice. In 1985, Chasteen filed bankruptcy in California and attempted to discharge the debt owed Muhammad. The bankruptcy court determined that Chasteen's acts were "willful and malicious" within the meaning of § 523(a)(6) and, therefore, that the debt represented by Muhammad's California judgment was nondischargeable. See Supp. R. Vol. I, Doc. 2, Complaint to Determine Debt to be Non-Dischargeable, Ex. A at 7; id., Ex. B at 2. Chasteen subsequently moved to Kansas, where he filed the present bankruptcy proceeding in 1993 and again attempted to discharge the debt owed Muhammad. She objected to the discharge and filed an adversary proceeding in October 1993 to have the debt declared nondischargeable on res judicata grounds.

When Muhammad filed her adversary proceeding here, her claim against Chasteen was enforceable under California law. Her money judgment was due to expire in July 1994, however, see Cal. Civ. Proc. Code § 683.020, unless she

-3-

either filed an application to renew the judgment before its expiration date, see id. § 683.120, or she filed an action on the judgment in California state court within the ten-year limitations period set forth in California Code of Civil Procedure section 337.5, see id. § 683.050.  Filing a renewal application gives the creditor another ten years to attempt to collect on the original judgment, whereas filing an action on the judgment gives the creditor a new judgment on which she then has ten years to collect.

To ensure that she would be able to institute collection proceedings on her California judgment in Kansas, where Chasteen now resides, Muhammad chose the latter course to renew her claim against Chasteen.  See, e.g. Worthington v. Miller, 727 P.2d 928, 930-31 (Kan. Ct. App. 1986) (holding enforcement of Colorado judgment timely under Kansas law where revival of judgment in Colorado court created new judgment and creditor brought Kansas enforcement action within five years of date new judgment entered).  Muhammad obtained relief from the automatic stay and, in April 1994, brought an action in California on her original judgment, thereby preserving her right to payment.  See United States Capital Corp. v. Nickelberry, 174 Cal. Rptr. 814, 815 (Cal. Ct. App. 1981) ("Once an action is begun within the statutory period, the creditor's right to recover remains alive, even though the ten-year period may subsequently expire.").  Chasteen objected to the action on the ground that the California court

could not assert personal jurisdiction over him, but the court overruled his objection and entered judgment against him in December 1994.

Two months later, the bankruptcy court entered its decision in Muhammad's adversary proceeding. The court noted that whether a valid debt is owed and, if so, whether that debt is dischargeable, are two separate inquiries. The court then determined that, under the Bankruptcy Code and res judicata principles, it could not revisit the issue of the dischargeability of the debt previously held nondischargeable by the California bankruptcy court. The court then specifically declined to consider whether the debt remained valid and enforceable, reasoning that it would be "a waste of judicial resources for this Court to determine the enforceability of the California judgment while the issue is currently before the California courts." Supp. R. Vol. I, Doc. 2, Memorandum Opinion & Order at 6. The court noted that Chasteen's defenses to the California judgment were better raised in the California courts before Muhammad's December 1994 judgment became final and nonappealable, id., and further reasoned that "[a]ny state in which plaintiff attempts to enforce [her] judgment will be in a better position to decide issues relating to that state's enforcement laws," id. at 9.

We turn now to Chasteen's specific arguments on appeal, beginning with his contention that the bankruptcy court lost jurisdiction to adjudicate the

dischargeability of Muhammad's claim when the 1984 California judgment expired in July 1994. As the bankruptcy court correctly noted, a proceeding to determine the dischargeability of a debt involves two separate inquiries: whether a debt is owed and whether that debt is dischargeable. See, e.g., Resolution Trust Corp. v. McKendry (In re McKendry), 40 F.3d 331, 336-37 (10th Cir. 1994). A proceeding to determine the dischargeability of a debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). See, e.g., First Bank of Colo. Springs v. Mullett (In re Mullett), 817 F.2d 677, 678-79 (10th Cir. 1987). Therefore, the bankruptcy court has subject matter jurisdiction to determine whether a valid claim exists, and this jurisdiction cannot be lost by the occurrence of an event, such as the expiration of a judgment, that may affect the validity of a claim. We, therefore, reject Chasteen's contention that the bankruptcy court lost jurisdiction over the subject matter of this adversary proceeding when Muhammad's original judgment expired in July 1994.

We likewise reject Chasteen's contention that the district court's failure to address Chasteen's challenge to the bankruptcy court's subject matter jurisdiction in its opinion on appeal deprived Chasteen of due process. Chasteen had the opportunity to present the argument to the district court and that court's failure to discuss this nonmeritorious argument did not result in any prejudice to Chasteen.

Finally, we reject Chasteen's argument that the district court failed to make adequate findings of fact pursuant to Rule 52(a). By its terms, Rule 52(a) applies only to "actions tried upon the facts without a jury or with an advisory jury" and to the grant or denial of an interlocutory injunction. Here, the district court was not sitting as a trial court, but as an appellate court. As an appellate court, the district court's duty was not to make its own findings, but to review the findings of the bankruptcy court for clear error. See, e.g., In re Hedged-Investments Assocs., 84 F.3d at 1288.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge