F I L E D
United States Court of Appeals
Tenth Circuit

MAY 24 2002

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

In re TODD D. DAVIS,

    Debtor,

------------------------------

PHILLIP J. GROETKEN, doing business
as PHIL GROETKEN LIVESTOCK,

      Plaintiff - Appellee,

v.

TODD D. DAVIS,

    Defendant - Appellant,

BARRETT & DAINES; N. GEORGE
DAINES; CHRISTOPHER L. DAINES,

    Appellants.

No. 00-4071
(BAP No. UT-99-027)

ORDER AND JUDGMENT[*]

Before **EBEL**, Circuit Judge, **McWILLIAMS,** Senior Circuit Judge, and **MILLER**, District Judge[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Walker D. Miller, District Judge, United States District Court for the District of Colorado, sitting by designation.

This is an appeal from a judgment of the Bankruptcy Appellate Panel ("BAP") pursuant to 28 U.S.C. § 158.

On May 24, 1993, Philip J. Groetken, doing business as Phil Groetken Livestock ("Groetken"), a cattle trader in Iowa, sold 62 head of cattle to Todd D. Davis, a cattle trader in Utah. Davis paid for the 62 head of cattle with a check in the amount of $44,496.00, which failed to clear because of insufficient funds in Davis's bank account. On May 26, 1993, Groetken sold Davis 127 head of cattle, for which Davis "promised" to pay $91,160.06 by wire "the next morning." Davis failed to do so. Davis later paid Groetken the following sums: $14,496.00 on June 30, 1993; $30,000.00 on July 14, 1993; $9,000.00 on August 4, 1993; and $23,000.00 on September 14, 1993. (Tr. 22-23.) These payments totaled $76,496.00, leaving $59,160.06 still owed to Groetken by Davis on the two sales.

In March 1994, Groetken filed suit in Utah state court alleging Davis had defrauded him and owed him $59,160.06. Thereafter, and prior to trial of Groetken's claim, Davis filed a bankruptcy proceeding in Utah. In that proceeding, Groetken filed a complaint to determine the dischargeability of the indebtedness incurred by Davis in these two transactions. After a hearing, the bankruptcy judge held that both transactions involved fraud and deception on the part of Davis and therefore were nondischargeable under 11 U.S.C. § 523(a)(2)(A). (App. 165-66.) The bankruptcy judge then entered judgment in favor of Groetken against Davis in the principal amount of $59,160.06,

together with both pre-judgment and post-judgment interest. (App. 167.) Additionally, the bankruptcy judge held, sua sponte, that Groetken was entitled to the recovery of reasonable and necessary attorney's fees and costs from Davis and his attorneys because of Davis's misconduct in incurring the debt and his attempt to avoid liability through a frivolous defense. The court held Davis and his attorneys jointly and severally liable to pay Groetken $10,071.86 in attorney's fees as a sanction pursuant to Federal Rule of Bankruptcy Procedure 9011. (App. 171.) The bankruptcy court also awarded Groetken's costs in the amount of $4,520.06. (App. 171.)

Pursuant to 28 U.S.C. § 158(b), Davis appealed to BAP, the latter affirming the bankruptcy court's finding of nondischargeability and its award of costs. In particular, BAP found that the bankruptcy court had erred in holding that the indebtedness incurred in connection with the May 24th check transaction was nondischargeable, but it refrained from reversing the bankruptcy court on that issue, believing that such was "moot," given that Davis's payments of $14,496.00 on June 30, and $30,000.00 on July 14 had paid in full his obligation on the May 24th check transaction, and that accordingly "there is no longer a debt to be excepted from discharge." Groetken v. Davis (In re Davis), 246 B.R. 646, 653 (10th Cir. B.A.P. 2000). BAP then went on to hold that the bankruptcy court was correct in ruling that Davis's debt arising from the May 26 transaction was nondischargeable. Id. In so doing, BAP also rejected Davis's claim that he was denied a fair trial because the bankruptcy judge was prejudiced and biased. Id. at 653-55. BAP

also dismissed the attempted appeal of Barrett & Daines, the law firm representing Davis, because the firm was not listed as a party in the notice of appeal. Id. at 656.

As to the award of attorney's fees to Groetken against Davis by way of sanction for Davis's misconduct, BAP remanded that phase of this dispute to the bankruptcy court for further proceedings because the bankruptcy court had not followed Rule 9011 since it failed to give Davis notice and an opportunity to respond to Groetken's request that he be awarded attorney's fees because of Davis's frivolous and vexatious defense to his claim of non-dischargeability, citing Braley v. Campbell, 832 F.2d 1504, 1514 (10th Cir. 1987) (en banc). In re Davis, 246 B.R. at 657. In so doing, BAP noted, inter alia, "the sanctioning of a party requires specific findings that the party was aware of the wrong doing," citing White v. General Motors Corp., 908 F.2d 675, 685 (10th Cir. 1990). In re Davis, 246 B.R. at 657. BAP went on to state that "on remand the court should make findings regarding who, if anyone, bears the fault for the various actions warranting sanctions." Id.

Davis appealed BAP's ruling, but before briefing commenced in this court, we asked the parties to address two jurisdictional matters: (1) whether BAP's opinion and judgment were final and appealable under 28 U.S.C. § 1291 in light of the partial remand to the bankruptcy court; and (2) whether N. George Daines has standing to appeal BAP's decision, as the record did not suggest that he was impacted by the ruling. In response, Davis and his attorneys contend that BAP's decision is not final and appealable, and that

N. George Daines does have standing because he was potentially impacted by the decision. Groetken argued that the decision is appealable because the remanded sanctions issue is separable and distinguishable from the decision on the merits of the case, and that Davis's attorneys lack standing because they were not listed as parties in the notice of appeal from the bankruptcy court's decision. We will address these issues before reaching the merits.

## I. FINAL JUDGMENT

At the outset, we are faced with a jurisdictional problem of whether BAP's remand of the bankruptcy court's imposition of sanctions against Davis in the form of attorneys' fees rendered the balance of BAP's ruling non-final and not immediately appealable. We believe the remand relates to a peripheral issue not calling for significant further proceedings and does not render the rest of BAP's ruling non-final and not immediately appealable. In <u>Budinich v. Becton Dickinson & Co.</u>, 486 U.S. 196 (1988), the Supreme Court held that "as a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain" and that, accordingly, a decision on the merits is a final decision under 28 U.S.C. § 1291 and therefore immediately appealable even though "the recoverability or amount of attorneys'

fees for litigation remains to be determined." Id. at 199-200.[1]

## II. PARTIES

We next discuss the question of just who are "parties" to the present appeal in this court. The Notice of Appearance filed in the bankruptcy court was as follows: "[The] undersigned attorneys, N. George Daines and Christopher L. Daines, hereby enter their appearances as co-counsel with Stephen W. Jewell for Todd D. Davis, defendant, in this adversary proceeding." (App. 40.) That notice was in the name of "Barrett & Daines" and signed by N. George Daines as "attorney for defendant Todd D. Davis." (App. 40.) However, it would appear that it was Christopher L. Daines who appeared and participated in the hearing in bankruptcy court on behalf of the firm. By his order and judgment, the bankruptcy judge entered "[a] separate Judgment against Defendant's attorneys named herein in the amount of $10,071.86 for which said attorneys are jointly and severally liable with the Defendant in accordance with sanctions imposed by the

---

[1]In Masunaga v. Stoltenberg (in re Rex Montis Silver Co.), 87 F.3d 435 (10th Cir. 1996), this court held that a district court order which remanded to the bankruptcy court for consideration of the White factors [White v. General Motors Corp., Inc., 908 F.2d 675 (10th Cir. 1990)] for purposes of Rule 9011 sanctions was not a final order and thus not immediately appealable. However, there the sanctions issue was the only issue on appeal. See Budinich, 486 U.S. at 200 ("If one were to regard the demand for attorney's fees as itself part of the merits, the analysis [that attorney's fees are peripheral to the merits of the case] would not apply. The merits would then not have been concluded, and § 1291 finality would not exist.").

Court under Bankruptcy Rule 9011." (App. 171.) To that order and judgment, a timely notice of appeal was filed. That notice of appeal in its first paragraph stated that "Todd D. Davis, the defendant[,] appeals under 28 U.S.C. § 158(a) or (b) from the Judgment of the bankruptcy judge[,] John H. Allen[,] entered in this adversary proceeding on the 30th day of March, 1999." (App. 173.) In that same notice, "[t]he names of all parties to the judgment appealed from" were identified as "Plaintiff: Phillip J. Groetken dba Phil Groetken Livestock," and the "defendant" was listed only as "Todd D. Davis." Respective counsel and co-counsel for the "parties" were then identified in the notice by name. (App. 173-74.)

In its opinion and judgment, BAP, relying on Fed. R. Bankr. P. 8001(a), dismissed "the appeal of Barrett & Daines" because the firm is not listed as a "party" in the notice of appeal filed in the bankruptcy court. 246 B.R. at 656. On appeal in this court, that ruling is challenged, counsel contending that "this court has jurisdiction over the attorney portion of the sanctions order." (App't Br. at 39.) We disagree and hold that BAP did not err in dismissing the "attempted" appeal to BAP by Barrett & Daines from the bankruptcy court's order and judgment. In dismissing the appeal, BAP relied on <u>Torres v. Oakland Scavenger Company</u>, 487 U.S. 312, 314 (1988), in which the Supreme Court stated, in interpreting Fed. R. App. P. 3(c), that "[t]he failure to name a party in a notice of appeal is more than excusable 'informality;' it constitutes a failure of that party to appeal," and <u>Storage Technology Corporation v. United States District Court for the</u>

District of Colorado, 934 F.2d 244, 248 (10th Cir. 1991), in which this court held that "each and every party must be specifically named in the notice of appeal or in a functionally equivalent document properly listing the appealing parties and filed within the appeal period."[2] We are not here confronted with any "functionally equivalent document."

## III. DISCHARGEABILITY

As above stated, the bankruptcy court found that the obligations incurred by Davis on both the May 24th and May 26th transactions involved fraud and deception on his part and that neither was dischargeable under 11 U.S.C. § 523(a)(2)(A). On appeal, BAP disagreed with the bankruptcy court's finding that the May 24th check transaction was attended with fraud and deception on the part of Davis,[3] but "refrained" from reversing the bankruptcy court on that particular issue, because BAP believed the issue "to be moot" since on June 30, 1993, Davis gave a cashier's check to Groetken in the amount of

---

[2] Fed. R. App. P. 3(c) was amended after the Torres and Storage Technology cases to provide somewhat more flexibility. See Dodger's Bar & Grill, Inc. v. Johnson County Bd. of Comm'rs, 32 F.3d 1436, 1440-41 (10th Cir. 1994). However, in Twenty Mile Joint Venture v. Commissioner of Internal Revenue, 200 F.3d 1268 (10th Cir. 1999), this court held that even after the amendment of Rule 3(c), the notice of appeal must "make clear in some fashion the identity of each party desiring to join the appeal." Id. at 1274. Such was not done in this case. Also, in Storage Technology, we said that "the requirements for filing a notice of appeal under Bankruptcy Rule 8001(a) are more strict than those of Fed. R. App. P. 3(c)." 934 F.2d at 247.

[3] Groetken devotes several pages to an implicit attack on the BAP's finding that the May 24 bounced check was not issued fraudulently. (App'ee Br. at 13-24.) This issue is not before us, however, as Groetken failed to appeal any aspect of BAP's ruling.

$14,496.00 and on July 14, 1993, gave Groetken a second cashier's check in the amount of $30,000.00, "which corresponds with the amount of the [May 24th] insufficient funds check, $44,496.00." 246 B.R. at 653. BAP concluded that, in view of those two payments, "there is no longer a debt [on the May 24 transaction] to be excepted from discharge." Id.

On appeal, Davis argues that BAP erred in allocating the June 30th and July 14th payments to the May 24th transaction and suggests that the payments actually were intended to apply to the May 26th transaction. Given the bankruptcy court's ruling that neither debt was dischargeable, the bankruptcy court did not address the proper allocation of payments between the debts. The evidence regarding the parties' intended allocation is conflicting, with Groetken and Davis each taking positions before the bankruptcy court which are opposite to their positions on appeal. Even though Davis's two payments equaled the precise total of the bounced check ($44,496.00), Groetken testified that he applied the payments toward the wire transfer debt because that is where "the pressure was," and "there was nothing ever said about that being payment for that [bounced] check." (Tr. at 108.) By contrast, Davis testified that he told Groetken that the two payments applied toward the bounced check, and that Davis would work on taking care of the wire transfer debt later. (Id. at 171.) Groetken denied that any conversation regarding those payments took place. (Id. at 105-06.)

While it is true that, "[u]nder the federal rule, the debtor is entitled to direct to

- 9 -

which one of several debts the payment is to be applied," <u>Standard Sur. & Cas. Co. of New York v. United States</u>, 154 F.2d 335, 337 (10th Cir. 1946), the bankruptcy court did not make any findings as to which party's testimony was more credible – <u>i.e.</u>, Davis stating that he directed payment to the bounced check debt, or Groetken denying that such a direction was ever communicated. Barring such findings by the bankruptcy court, BAP was not in a position to resolve the allocation issue. <u>See</u> <u>Muhammad v. Chasteen (In re Chasteen)</u>, 107 F.3d 20, 1997 WL 37039, at *3 (10th Cir. 1997) (unpublished) (recognizing that appellate court's "duty was not to make its own findings, but to review the findings of the bankruptcy court for clear error"); <u>see also</u> <u>Chamberlain v. Kula (In re Kula)</u>, 213 B.R. 729, 739 (B.A.P. 8th Cir. 1997) ("If we conclude that the bankruptcy court's findings are silent or ambiguous as to an outcome determinative factual question, we may not make our own findings but must remand the case to the bankruptcy court for the necessary factual determination." (internal quotation marks omitted)).[4]

In light of Davis's testimony before the bankruptcy court and the fact that his two payments equal the precise amount of the May 24th debt, it appears likely that BAP's view of the evidence will ultimately carry the day. Further, if Davis attempts to recant

---

[4] Similarly unhelpful is Groetken's invocation of the rule that "[i]n the absence of evidence to the contrary, payments are allocated to debts in the order in which the debts were incurred." (App'ee Br. at 25 (quoting <u>Global Int'l Airways Corp. v. Dep't of the U.S. Air Force (In the Matter of Global Int'l Airways Corp.</u>, 80 B.R. 983, 985 (Bankr. W.D. Mo. 1987).) Here, there is evidence "to the contrary" in the form of Groetken's testimony that the payments were allocated to the later debt.

his earlier testimony in order to take advantage of BAP's ruling that the May 24th debt is dischargeable, he may be subject to judicial estoppel. But such determinations must be made, in the first instance, by the trier of fact, not an appellate court. Accordingly, we must vacate BAP's allocation ruling and remand the issue for factual findings by the bankruptcy court.

As stated, in connection with the May 26th transaction, BAP affirmed the bankruptcy court's finding that it involved false representations by Davis. In this court, Davis does not contend that the evidence does not support BAP's findings on this matter. Rather, counsel argues that the bankruptcy judge, who we are advised is now deceased, was biased and prejudiced against Davis and his attorney, and that Davis did not receive a fair trial and should receive a new trial on the dischargeability issue in connection with the May 26th transaction. The "fair trial" issue was not raised in the bankruptcy court, either during the proceedings or by post-trial motion. BAP considered this "fair trial" argument and rejected it, 246 B.R. at 653-55, as do we, for the reasons given by BAP in its opinion and judgment.

## IV. COSTS

The bankruptcy court entered judgment in favor of Groetken against Davis for other costs in the amount of $4,520.06 "as specified under Plaintiff's Certificate of Costs." (App. 171.) Davis filed an objection to Groetken's Certificate of Costs. The bankruptcy court overruled Davis's objection and awarded Groetken costs in accord with

his Certificate. Before BAP, Davis argued that the award was improper under 28 U.S.C. § 1920. BAP affirmed the bankruptcy court's award of costs, noting that neither Groetken's Certificate of Costs nor Davis's objection were included in Davis's appendix as required by Fed. R. Bankr. P. 8009(b). BAP stated that since the "relevant evidence cannot be reconstructed from any other appendix or the trial court's opinion the appellate court cannot rule on the issue." 246 B.R. at 657. Such being the case, BAP did not err in affirming the bankruptcy court's award of costs.

## V. THE REMAND

BAP remanded the case to the bankruptcy court for further proceedings regarding "[t]he [bankruptcy court's] order imposing sanctions and attorney's fees." Id. at 658. We expand this remand to include the proper allocation of Davis's payments between the May 24th and May 26th debts. Pursuant to the above analysis, BAP's judgment is AFFIRMED in part and VACATED and REMANDED in part.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 12 -

No. 00-4071, In re Davis, Debtor

Judge McWilliams concurs in part and dissents in part.

I dissent only from the majority's determination that BAP erred in concluding that Davis' payments of $14,496.00 on June 30, 1993, and $30,000.00 on July 14, 1993, were to be applied to the indebtedness incurred in the May 24, 1993, transaction, and the majority's remand to the bankruptcy court for further hearing concerning the allocation of Davis' four payments to Groetken on his two debts to Groetken; i.e., the debt of $44,496.00 incurred in the May 24, 1993, transaction and the debt of $91,160.06 incurred in the May 26, 1993, transaction. In this connection, I would hold that on the record before it, BAP did not err in concluding that Davis' payments to Groetken on June 30, 1993, and July 14, 1993, were to be applied on Davis' debt incurred in the May 24, 1993 transaction, thereby extinguishing, to the last penny, that particular debt.

In the bankruptcy court, Davis testified, on direct examination, that he hand-delivered to Groetken his payment of July 14, 1993, and on that occasion advised Groetken that his two payments of June 30, 1993 and July 14, 1993, were to be applied on the indebtedness incurred as a result of his bounced check given in the May 24, 1993, transaction, and that he would "work on the rest of it." In the bankruptcy court, Groetken did not recall any such conversation with Davis. Groetken did testify that he had borrowed money and paid his supplier of the cattle involved in the May 24, 1993, transaction and that he used the monies received from Davis' June 30, 1993, and July 14,

1993, payments to pay other of his various creditors, including a payment to his supplier of 127 head of cattle involved in the May 26, 1993, transaction.

In Standard Sur. & Cas. Co. of New York v. United States, 154 F.2d 335, 337 (10th Cir. 1946), we declared that "[u]nder the federal rule, the debtor is entitled to direct to which one of several debts the payment is to be applied." Davis testified, under oath, that he "directed" that his payments of June 30, 1993 and July 14, 1993, be applied on his indebtedness incurred in the May 24, 1993 transaction, which payments, totaling $44,496.00, would coincidentally extinguish the exact amount of his indebtedness incurred in the May 24, 1993, transaction; i.e., $44,496.00. In my view, Davis is bound by his testimony given in the bankruptcy court regarding the allocation of his payments of June 30, 1993 and July 14, 1993. Counsel's suggestion in his brief in this court that the payments of June 30, 1993, and July 14, 1993, were to be applied to the indebtedness incurred in the May 26, 1993, transaction, is foreclosed by Davis' testimony in the bankruptcy court.