[Civ. No. 17435. Second Dist., Div. Three. July 26, 1950.]

HAROLD LEWIS, Appellant, v. SAMUEL H. STEIFEL
et al., Respondents.

Harry E. Sokolov for Appellant.

Bautzer & Silbert and Bertin A. Weyl for Respondents.

SHINN, P. J.—Plaintiff appeals from an order discharging an attachment levied against property of both defendants pursuant to a writ in the sum of $26,000 issued at the time the complaint was filed.

In the first amended complaint, plaintiff alleges that on or about the first of November, 1948, defendants entered into an

oral contract with him, whereby he was to render services as a motion picture production manager in connection with three motion pictures to be produced by defendants during the year beginning November 1, 1948, and ending November 1, 1949; defendants informed him that the production of these pictures would take approximately one year, and that he was to receive for his services, the sum of $500 per week; his services were to commence on the day following the formation of the contract and his salary was to accrue from that date but was to be payable at the time defendants went into production of the first of the three pictures. Plaintiff alleges he accepted the employment and rendered services for the defendants until early in February, 1949, when he was informed by them that their plans had been changed and that they would have to release the three proposed motion pictures through United Artists Corporation rather than through RKO Studios; that as a result of this change they would have to employ another production manager and that plaintiff's services were no longer required. Plaintiff alleges that he has been at all times ready, willing and able to perform and that he has been damaged in the sum of $26,000 because of the breach of contract by defendants.

Defendants made a motion to discharge and vacate the attachment, the matter came on for hearing and on May 5, 1949, the court made its order discharging the attachment on the ground that plaintiff's claim was not one for the direct payment of money (Code Civ. Proc., § 537 (1)), but was for damages for breach of contract and that such damages were unascertainable, speculative and uncertain; and on the ground that the attachment for the sum of $26,000 was excessive.

Plaintiff contends, on this appeal, that his claim comes within the rule that an attachment will lie upon a cause of action for damages for breach of contract where the damages are readily ascertainable by reference to the contract and where the basis of the computation of damages appears to be reasonable and definite. We are of the opinion that this point is well taken.

Section 537, Code of Civil Procedure provides that ''The plaintiff, at the time of issuing the summons, or at any time afterward, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered, unless the defendant gives security to pay such judgment, as in this chapter provided, in the following cases: 1. . . . *In an action upon a contract, express or implied, for*

*the direct payment of money, where the contract is made or is payable in this State,* and is not secured by any mortgage, deed of trust or lien upon real or personal property, or any pledge of personal property . . . ." (Emphasis added.) Plaintiff's affidavit shows that the contract "was made or is payable in this State" (no point is made that the allegation is in the disjunctive); that such contract was not secured by any mortgage, deed of trust, or lien upon real or personal property, or any pledge of personal property.

The question presented here for determination is well settled in this state. The most recent case on the subject, *Eaton* v. *Queen,* 78 Cal.App.2d 571 [177 P.2d 997], is in point. The court quoted from *Force* v. *Hart,* 205 Cal. 670, 673 [272 P. 583], as follows: "It is a well-recognized rule of law in this state that an attachment will lie upon a cause of action for damages for a breach of contract where the damages are readily ascertainable by reference to the contract and the basis of the computation of damages appears to be reasonable and definite. (Cases cited.) The fact that the damages are unliquidated is not determinative. (Cases cited.) But the contract sued on must furnish a standard by which the amount due may be clearly ascertained and there must exist a basis upon which the damages can be determined by proof. (Cases cited.)" In *Greenebaum* v. *Smith,* 51 Cal.App. 692, 694 [197 P. 675], the court held that merely because the amount is uncertain "consisting of damages to be proven at the trial, is no reason why an attachment may not issue where, as here, such damages are easily ascertainable according to fixed standards supplied by the contract or the law acting upon it." Although the quoted cases did not involve personal service contracts, no valid reason can be advanced why the terms of the contract in the instant case did not furnish a sufficiently definite standard by which the amount due may be determined by proof.

Defendants contend that plaintiff could not truthfully depose that defendants were indebted to him in the sum of $26,000; that there was no definite employment for the period of a year nor any basis for claiming that plaintiff's services would have lasted a year; that upon a trial the amount plaintiff had earned or could have earned in other employment within the year would be deducted from the maximum amount plaintiff could have earned if his contract had been completed; plaintiff should have waited until a considerable portion of his salary had accrued and should have then sued and attached

for the amount then due. From the standpoint of defendants, and perhaps from that of plaintiff, these are reasonable arguments, but the attachment laws are not framed to allow deviations of procedure to fit the particular case. An attaching plaintiff may claim in his affidavit the maximum amount of the alleged liability of the defendant, and the fact that within these limits the claim appears to be exaggerated, does not furnish a ground for discharging the attachment, nor does the fact that there appears to be but slight prospect that plaintiff will recover anything. It cannot be said upon the record before us that the sum of $26,000 for which the writ of attachment issued was excessive. (*Baldwin* v. *Napa etc. Wine Co.*, 137 Cal. 646 [70 P. 732]; *Murillo* v. *Toole*, 47 Cal. App.2d 725 [118 P.2d 895].) There are remedies when the attachment is wrongful. The courts may not add to the statutory grounds for the discharge of attachments.

The order discharging and vacating the writ is reversed.

Wood, J., and Vallée, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 21, 1950. Schauer, J., voted for a hearing.