Filed 8/11/23  Narayan v. Chovatia CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| JAGDISH NARAYAN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUPA R. CHOVATIA,<br><br>    Defendant and Appellant. | A166381<br><br> (Alameda County Super. Ct. No. 22CV013851) |

Rupa Chovatia appeals from the trial court's issuance of a civil harassment restraining order under Code of Civil Procedure section 527.6 in favor of Jagdish Narayan and his wife and son. She argues substantial evidence does not support the trial court's order.  Chovatia fails to demonstrate any error, so we will affirm.

Chovatia describes a great deal of factual background for the case, much of it involving ill-treatment she allegedly suffered at the hands of Narayan and his family.  Chovatia provides no citations to the record for any of her factual assertions, which is improper.  (Cal. Rules of Court, rule 8.204(a)(1)(C) [briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter

1

appears"].)  This rule exists in part because we may not consider any factual matters that are not in the record.  (*CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1 ["it is well established that a reviewing court may not give any consideration to alleged facts that are outside of the record on appeal"].)

As far as we can discern from our own review of the record, Narayan alleged in his request for a restraining order that Chovatia was a former tenant who trespassed by staying on illegally in a unit on Narayan's property.  He further alleged that Chovatia had been harassing his family, had verbally threatened them and said they would soon die, and burned the top part of her unit.  The trial court issued a temporary restraining order requiring Chovatia to stay 100 yards away from Narayan's family and their home, workplace, and vehicle, but the order also said that the order did not prevent Chovatia from going to or from her home.

Chovatia's written response, filed the same day as the hearing on the request for a permanent restraining order, alleged that Narayan and his family had been harassing, threatening, and assaulting her in retaliation for her complaints about illegal rent and unpermitted construction.  Chovatia denied setting fire to the unit and alleged Narayan and his family members deliberately set the fire to harm Chovatia and her cats.  She also alleged that she had moved out of the unit but had to return to care for her cats.

After a hearing at which Narayan, his wife, and Chovatia testified, the trial court issued a restraining order that expires on August 11, 2023.  Like the temporary restraining order, the permanent order requires Chovatia to stay away from the Narayan family and their home and vehicle but does not prevent Chovatia from going to her home or place of employment.  The order also gave Chovatia until December 11, 2022, to return to the Narayans' property to retrieve her cats.

We have jurisdiction over this appeal.  (*Williams v. Superior Court* (2021) 71 Cal.App.5th 101, 108, fn. 4.)  We review for substantial evidence the trial court's factual findings supporting its decision to grant a restraining order, and we consider de novo whether the facts are sufficient to constitute civil harassment under Code of Civil Procedure section 527.6.  (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497.)

Chovatia argues the trial court's restraining order lacks evidentiary support because (1) Narayan submitted no evidence that she burned the top of her unit and (2) she had Narayan's consent to stay in her unit and was therefore not trespassing.

Chovatia has not provided an adequate record for us to consider her arguments.  "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. . . . ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the

3

appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

This rule is fatal to Chovatia's appeal because she has not provided a reporter's transcript or acceptable substitute that would permit us to consider her arguments.[1] (Cal. Rules of Court, rules 8.134, 8.137 [describing alternatives to reporter's transcript].) Without a record of the testimony at the hearing, we have no basis on which to evaluate Chovatia's claims that she established she had Narayan's consent to stay in the unit or that Narayan submitted insufficient evidence to warrant a restraining order. The lack of a record of the oral proceedings in the trial court therefore prevents Chovatia from overcoming the presumption of correctness favoring the trial court's order. " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court

---

[1] *Jameson v. Desta, supra*, 5 Cal.5th at page 623, requires "that an official court reporter, or other valid means to create an official verbatim record for purposes of appeal, must generally be made available to in forma pauperis litigants upon request." On the same day as the hearing, Chovatia filed and the trial court granted a request to waive court fees. The fee waiver states that Chovatia was entitled to a waiver of a reporter's fees for attendance at the hearing if Chovatia requested a reporter. Chovatia nowhere asserts that she requested a court reporter and was denied one.

below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Jameson v. Desta, supra*, 5 Cal.5th at p. 609.) Because we have no record of the testimony at the hearing, we must assume Narayan and his wife offered testimony that would support the issuance of the restraining order, even over Chovatia's contrary testimony.

Even if Chovatia had provided a suitable record, however, it would not change the outcome here. Chovatia states in her brief that Narayan falsely accused her at the hearing of burning the top part of her unit. This contradicts her assertion that Narayan offered no evidence that she burned the unit; Narayan's sworn testimony would have been evidence. Chovatia states that Narayan also accused her at the hearing of harassment, stalking, and threats. This conduct on its face meets the statutory grounds for issuance of a restraining order. (Code Civ. Proc., § 527.6, subds. (a)(1) [person who has suffered harassment may seek a restraining order], (b)(3) [harassment includes a credible threat of violence or a course of conduct that seriously alarms, annoys, or harasses a specific person and serves no legitimate purpose].) Chovatia asserts that she denied all of these allegations at the hearing. But Chovatia offers no argument relevant to these allegations or any reason why, if the trial court believed them, they would not be sufficient on their own to support the order.

At root, Chovatia appears to be asking this court to overturn the trial court order based on a re-evaluation of her testimony and that of Narayan and his wife. But an appellate

5

court " 'has no power to judge the effect or value of, or to weigh the evidence; to consider the credibility of witnesses; or to resolve conflicts in, or make inferences or deductions from the evidence. We review a cold record and, unlike a trial court, have no opportunity to observe the appearance and demeanor of the witnesses. [Citation.] "Issues of fact and credibility are questions for the trial court." [Citations.] It is not an appellate court's function, in short, to redetermine the facts.' " (*In re S.A.* (2010) 182 Cal.App.4th 1128, 1140.) Even if Chovatia had provided a record of the testimony at the hearing to support her description of what transpired, we would still have to affirm the trial court's order, as this court would have no basis to overturn the trial court's crediting of Narayan's evidence.

## DISPOSITION

The trial court's order is affirmed.

BROWN, P. J.

WE CONCUR:

GOLDMAN, J.
FINEMAN, J.*

*Narayan v. Chovatia* (A166381)

---

* Judge of the Superior Court of California, County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6