Filed 11/21/23  Victoria R. v. Bar-Lev CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| VICTORIA R., | D080206 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2021-00031657-CU-HR-EC |
| NAOMI YAEL BAR-LEV, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Sharon L. Kalemkiarian, Judge.  Affirmed.

Naomi Yael Bar-Lev, in pro. per., for Defendant and Appellant.

Victoria R., in pro. per., for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

Naomi Yael Bar-Lev appeals from the trial court's January 3, 2022 order granting a one-year civil harassment restraining order for Victoria R. and her minor son C.R.  (See Code Civ. Proc., § 527.6.)  Bar-Lev is the

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

longtime girlfriend of Chris R., Victoria's former husband. Chris and Victoria have two children, A.R. and C.R. There are four appeals currently pending in this court involving these same parties.[2]

Bar-Lev is appearing in propria persona as she did in the trial court. Although self-represented, we may not excuse Bar-Lev from following the rules of appellate procedure. (See *Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 31 [" 'as is the case with attorneys, [self-represented] litigants must follow correct rules of procedure' "]; accord *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 (*Nwosu*) [a self-represented party " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys' "].)

A trial court's judgment or order is presumed correct and it is the appellant's burden to affirmatively show error on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "]; accord *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) To make this showing, the appellant must present meaningful legal analysis supported by citations to facts in the record and authority to support the claim of error. (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457; see Cal. Rules of Court,[3] rule 8.204(a)(1)(C) [briefs must "[s]upport any reference to a matter in the record by a citation to

---

[2] See D080144 (*A.R. v. Bar-Lev*, case No. 37-2021-00030596-CU-HR-EC [civil restraining order protecting A.R. from Bar-Lev]); D080337 (*Chris R. v. Victoria R.*, case No. D540635 [Chris's appeal from denial of his petition for a domestic violence restraining order against Victoria]); and D080340 (*A.R. v. Chris R.,* case No. 21FDV03545E [Chris's appeal from order denying domestic violence restraining order against daughter A.R.]).

[3] All further "rule" references are to the Rules of Court.

the volume and page number of the record where the matter appears"]; *id.*, (a)(1)(B) [briefs must state each "point under a separate heading or subheading . . . and support each point by argument and, if possible, by citation of authority"].)

In addition, the appellant's factual summary must be limited to "significant facts . . . in the record" (rule 8.204(a)(2)(C); *CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1 ["it is well established that a reviewing court may not give any consideration to alleged facts that are outside of the record on appeal"]) and must include " ' "*all* the material evidence on the point and *not merely* [his or her] *own evidence*" ' " (*Nwosu, supra*, 122 Cal.App.4th at p. 1246).

Bar-Lev's opening and reply briefs fail to satisfy these procedural requirements. Her statement of facts does not include citations to the record and contains substantial legal argument. It is also decidedly one-sided, omitting the facts relied on by the trial court when it found by clear and convincing evidence that Bar-Lev was disturbing Victoria's peace. Further still, Bar-Lev's arguments are not supported by citations to any legal authority to support her claims, and several of those claims— against the trial judge and court staff, law enforcement, and the City of San Diego—appear to have little if anything to do with the issues in this case. Consequently, we conclude Bar-Lev's arguments are forfeited. (See *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 [an argument is forfeited if an appellant fails to "present[ ] legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record"]; accord *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 [" 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to

3

authority, we treat the point as waived.' "]; *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 ["[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."].)

Bar-Lev also failed to raise in the trial court arguments she makes on appeal, including for the first time in her reply brief. These are separate grounds to support forfeiture. (See *Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767 [failure to raise an issue in the trial court forfeits the claim of error on appeal].) As explained in *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, footnote 8, " '[o]bvious considerations of fairness in argument demand that the appellant present all of his [or her] points in the opening brief. To withhold a point until the closing brief would deprive the respondent of his [or her] opportunity to answer it or require the effort and delay of an additional brief by permission. Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' "

Lastly, Bar-Lev's arguments show a misunderstanding of our role as an appellate court. We do not reweigh the evidence or reassess witness credibility, and make new findings more favorable to the appellant when a trial court's findings are supported by substantial evidence. (See *Reynaud v. Technicolor Creative Services USA, Inc.* (2020) 46 Cal.App.5th 1007, 1015 (*Reynaud*) [" 'Where findings of fact are challenged on a civil appeal, we are bound by the "elementary, but often overlooked principle of law, that . . . the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the findings below.' "].)

4

Here, the trial court credited Victoria's testimony and received myriad exhibits (as stated in the court minutes), finding clear and convincing evidence that Bar-Lev had harassed Victoria and disturbed her peace. (See Code Civ. Proc., § 527.6, subd. (b)(3) [defining "[h]arassment" as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose"].) The court acknowledged Bar-Lev's First Amendment rights but found her posts on social media about Victoria "went beyond" those rights and were "defamatory." We conclude these findings are supported by substantial evidence; and for this separate reason we reject Bar-Lev's claims of error.[4] (See *Reynaud, supra*, 46 Cal.App.5th at p. 1015.)

DISPOSITION

The trial court's January 3, 2022 order is affirmed.

DO, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

---

[4] In light of our decision, we deny Bar-Lev's March 22, 2023 motion to augment the record to the extent we deferred ruling on certain requests, as set forth in our April 12, 2023 order.

5