Filed 11/21/23  A.R. v. Bar-Lev CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| A.R., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> NAOMI YAEL BAR-LEV, <br><br> Defendant and Appellant. | D080144 <br><br><br> (Super. Ct. No. 37-2021-00030596-CU-HR-EC) |

APPEAL from an order of the Superior Court of San Diego County, Sharon L. Kalemkiarian, Judge.  Affirmed.

Naomi Yael Bar-Lev, in pro. per., for Defendant and Appellant.

A.R., in pro. per., for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

Naomi Yael Bar-Lev appeals from the trial court's January 3, 2022 order (1) granting the petition of then 17-year-old A.R. for a civil harassment restraining order (see Code Civ. Proc., § 527.6); and (2) denying Bar-Lev's

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

cross-petition for a restraining order against A.R. and A.R.'s mother, Victoria R. Bar-Lev is the longtime girlfriend of A.R.'s father, Chris R., Victoria's former husband. Chris and Victoria, who divorced in 2013, have two children, A.R. and C.R. There are four appeals currently pending in this court involving these same parties.[2]

Bar-Lev is appearing in propria persona as she did in the trial court. Although self-represented, we are not permitted to excuse Bar-Lev from following the rules of appellate procedure. (See *Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 31 [" 'as is the case with attorneys, [self-represented] litigants must follow correct rules of procedure' "]; accord *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 (*Nwosu*) [a self-represented " 'party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys' "].)

A trial court's judgment or order is presumed correct and it is the appellant's burden on appeal to affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "]; accord *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) To make this showing, the appellant must present meaningful legal analysis supported by citations to facts in the record and authority to support the claim of error. (*Multani v. Witkin & Neal* (2013)

---

2    See D080206 (*Victoria R. v. Bar-Lev*, case No. 37-2021-00031657-CU-HR-EC [civil restraining order issued for Victoria and her minor son C.R. against Bar-Lev]); D080337 (*Chris R. v. Victoria R.*, case No. D540635 [Chris's appeal from denial of his petition for a domestic violence restraining order against Victoria]); and D080340 (*A.R. v. Chris R.,* case No. 21FDV03545E [Chris's appeal from denial of his cross-petition for a domestic violence restraining order against daughter A.R.]).

215 Cal.App.4th 1428, 1457; see Cal. Rules of Court,[3] rule 8.204(a)(1)(C) [briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]; *id.*, (a)(1)(B) [briefs must state each "point under a separate heading or subheading . . . and support each point by argument and, if possible, by citation of authority"].)

In addition, the appellant's factual summary must be limited to "significant facts . . . in the record" (rule 8.204(a)(2)(C); *CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1 ["it is well established that a reviewing court may not give any consideration to alleged facts that are outside of the record on appeal"]); and must include " ' "*all* the material evidence on the point and *not merely* [his or her] *own evidence*" ' " (*Nwosu, supra*, 122 Cal.App.4th at p. 1246).

Bar-Lev's opening and reply briefs fail to satisfy these minimal procedural requirements. Her statement of facts does not include citations to the record and contains substantial legal argument. It is also decidedly one-sided, omitting the facts relied on by the trial court when it found by clear and convincing evidence that Bar-Lev was disturbing A.R.'s peace. Further still, Bar-Lev's arguments are not supported by citations to any legal authority, and several of those claims—against the trial judge and court staff, law enforcement, and the City of San Diego—appear to have little if anything to do with the issues in this case. Consequently, we conclude her arguments are forfeited. (See *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597 [" 'Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record.' "]; accord *Keyes v. Bowen*

---

[3] All further "rule" references are to the Rules of Court.

(2010) 189 Cal.App.4th 647, 655 [an argument is forfeited if an appellant fails to "present[ ] legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record"]; *Mountain Lion Coalition v. Fish & Game Com*. (1989) 214 Cal.App.3d 1043, 1051, fn. 9 ["[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."].)

Bar-Lev also failed to raise in the trial court most, if not all, of the arguments she makes on appeal, including many she asserts for the first time in her reply brief. This is another ground to support forfeiture of her arguments on appeal. (See *Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767 [failure to raise an issue in the trial court forfeits the claim of error on appeal].) As explained in *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, footnote 8, " '[o]bvious considerations of fairness in argument demand that the appellant present all of his [or her] points in the opening brief. To withhold a point until the closing brief would deprive the respondent of his [or her] opportunity to answer it or require the effort and delay of an additional brief by permission. Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' "

Furthermore, Bar-Lev's arguments show a misunderstanding of our role as an appellate court. As a court of review, we do not reweigh the evidence or reassess witness credibility, and make new findings more favorable to the appellant when a trial court's findings are supported by substantial evidence. (See *Reynaud v. Technicolor Creative Services USA, Inc.* (2020) 46 Cal.App.5th 1007, 1015 (*Reynaud*) [" 'Where findings of fact are challenged on a civil appeal, we are bound by the "elementary, but often

overlooked principle of law, that . . . the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the findings below.' "].)

Here, the trial court credited A.R.'s testimony and relied on documentary evidence of "numerous social media posts by . . . Bar[-]Lev about A.R. that the [c]ourt found to be disturbing of A.R.'s peace." (See Code Civ. Proc., § 527.6, subd. (b)(3) [defining "[h]arassment" as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose"].) The court acknowledged Bar-Lev's First Amendment right to post information, but found by clear and convincing evidence that such posts "went beyond these rights," causing A.R. harm. Based on our own review of the record, we conclude these findings are supported by substantial evidence. (See *Reynaud, supra*, 46 Cal.App.5th at p. 1015.) For this separate reason, we reject Bar-Lev's claim the court erred in granting A.R.'s petition.

Finally, in denying Bar-Lev's cross-petition, the trial court found no proof of service accompanied the petition and A.R. testified she was never served with the petition. The court also found that, even if properly served, Bar-Lev did not establish by clear and convincing evidence she was in need of protection from A.R. Substantial evidence supports these findings. (See *Reynaud, supra*, 46 Cal.App.5th at p. 1015.)[4]

---

[4] In light of our decision, we deny Bar-Lev's March 22, 2023 motion to augment the record to the extent we deferred ruling on certain requests, as set forth in our April 12, 2023 order.

DISPOSITION

The trial court's January 3, 2022 order is affirmed.

DO, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.