Filed 4/9/25  C.O. v. O.O. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| C.O.,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>O.O.,<br><br>    Defendant and Respondent. | D085016<br><br><br>(Super. Ct. No. RID236737) |

APPEAL from an order of the Superior Court of Riverside County, Gareit Newstrom, Commissioner.  Affirmed.

Christopher S. Hernandez for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

### MEMORANDUM OPINION[1]

C.O. appeals an order denying his request for a domestic violence restraining order (DVRO) against O.O.  Largely because C.O. did not provide an adequate record, we conclude that he has not demonstrated that the trial

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

court abused its discretion or otherwise prejudicially erred. Therefore, we affirm the order.

A trial court's judgment or order is presumed correct, and it is the appellant's burden to affirmatively show error on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ["All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown" [cleaned up]]; accord *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) To make this showing, the appellant must present meaningful legal analysis supported by citations to facts in the record and, if possible, authority to support the claim of error. (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457; see Cal. Rules of Court,[2] rule 8.204(a)(1)(C) [briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)

In addition, the appellant's factual summary must be limited to "significant facts . . . in the record" (rule 8.204(a)(2)(C); *CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1 ["it is well established that a reviewing court may not give any consideration to alleged facts that are outside of the record on appeal"]) and must include "all the material evidence on the point and not merely [his or her] own evidence" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [cleaned up]).

The appellant also must present an "adequate record" for review. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575.) Rule 8.122(b) sets out the required contents of a clerk's transcript. Among others, it "must" include "[a]ny . . . document filed . . . in the case in superior court" pertaining to the

---

[2] All further "rule" references are to the Rules of Court.

issues on appeal (rule 8.122(b)(3)(A)); and "[a]ny exhibit admitted in evidence, refused, or lodged" (*id.*, (b)(3)(B)).

Here, despite being represented by counsel on appeal, C.O. has failed to follow these basic rules of appellate procedure. Although C.O. appeals an order denying his request for a DVRO, his request for a DVRO is not in the record. Nor is any documentary evidence he might have offered in support of that request. Rather, the court's transcript is sparse, consisting of a minute order dated May 3, 2024, a notice of appeal, a notice designating the record on appeal, and the register of actions. Not surprisingly, the opening brief does not include any citations to the record when purporting to provide a factual and procedural background to the dispute. And it is not our role to scour the record in search of support for an appellant's factual assertions. (Cf. *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) Thus, we lack even the most rudimentary foundation upon which to provide the necessary factual and procedural background for this appeal.

However, within the "Statement of Facts" section of the opening brief, C.O. does cite to the record when discussing what occurred during closing argument on May 3, 2024. This is because the only reporter's transcript in the record covers just the May 3 arguments, which occurred almost two months after evidence was closed. Unfortunately, the record does not include

any transcripts of the evidentiary hearing beyond closing argument.[3] Thus, there is no indication in the record regarding the content of the evidence presented to the trial court and on what evidence the trial court based its order. As we shall discuss *post*, this is fatal to C.O.'s appeal.

The Domestic Violence Prevention Act (DVPA; Fam. Code,[4] § 6200 et seq.) is intended "to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) Courts may issue a restraining order to achieve this purpose upon "reasonable proof of a past act or acts of abuse." (§ 6300, subd. (a).) "The court shall consider the totality of the circumstances in determining whether to grant or deny a petition for relief." (§ 6301, subd. (d).)

The party seeking a restraining order under the DVPA bears the burden of establishing the justification for the order. (See *Jan F. v. Natalie F.* (2023) 96 Cal.App.5th 583, 593.) "The burden of proof is by a preponderance of the evidence." (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 11.)

---

[3] In appellant's notice designating the record on appeal, C.O. represented that the transcript of the May 3, 2024 hearing included "all of the testimony in the superior court." Perhaps, there is no transcript of the portion of the evidentiary hearing where evidence was presented to the trial court. However, the absence of reporter's transcript does not relieve C.O.'s burden to provide an adequate record by which we can analyze any claim of error. Indeed, our Supreme Court stated the lack of a reporter's transcript "will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Jameson, supra*, 5 Cal.5th at p. 608.)

[4] Statutory references are to the Family Code unless otherwise specified.

We review a trial court order granting or denying a petition for a restraining order under the DVPA for abuse of discretion. (*S.M. v. E.P.* (2010) 184 Cal.App.4th 1249, 1264.) To the extent that we must consider the trial court's factual findings, they are reviewed for substantial evidence. (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 226.)

In the minute order dated May 3, 2024, the trial court stated that it was "not condoning the behavior of [O.O.], but [found] this [did] not rise to the level of domestic violence." Additionally, the court determined there was "insufficient evidence of domestic abuse." However, the minute order does not provide any further explanation regarding the basis for the trial court's denial of C.O.'s request for a DVRO.

Here, C.O. argues the trial court did not properly consider the totality of the circumstances because it relied on evidence, not before it, regarding a restraining order that was entered in O.O.'s favor against C.O. in Arizona. Yet, because of the incomplete record, we cannot ascertain what was before the trial court at the DVRO evidentiary hearing. Consequently, we must presume the evidence supports the court's findings and its resulting order was proper based on those findings. (*Jameson*, *supra*, 5 Cal.5th at p. 609; accord *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["To the extent the court relied on documents not before us, our review is hampered. We cannot presume error from an incomplete record."]; *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 ["if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"].)

Also, based on the limited record provided in this appeal, there appears to be a disagreement between C.O.'s counsel and the court regarding whether some of the evidence supporting the issuance of a restraining order in

5

Arizona was before the trial court at the evidentiary hearing. Again, we cannot resolve any such dispute without knowing the actual evidence that was before the trial court.

Additionally, we observe that C.O. represents that the trial court made certain findings supporting a conclusion of "the existence of abuse."[5] To this end, C.O. relies on portions of the transcript of closing arguments wherein the trial court stated: "And I agree with you that filing false restraining orders against people could be a form of domestic violence. And so I agree with you on a lot of things you are arguing to the Court." C.O. also points out that the trial court commented: "So, for me it's a difficult hurdle to get over because I don't disagree with you that somebody continually filing false police reports, calling law enforcement, involving law enforcement in someone's life, and have someone, you know, having them to draw their weapons— [¶] . . . [¶] and have to stand there, that's abusive and harassing and I agree with you."

Then C.O. asserts he presented evidence that O.O. "repeatedly filed domestic violence restraining orders in California and in Arizona." He also claims he offered evidence that O.O. made false police reports. But there is nothing in the record to support these contentions. The record does not contain any of the evidence that was offered in support of or in opposition to C.O.'s request for a DVRO. There is nothing evidencing the filing of multiple restraining orders in California and Arizona. There are no police reports. And the court explicitly found that C.O. did not present sufficient evidence of domestic abuse. Accordingly, we cannot determine if the trial court erred in

---

5 Abuse is defined under the DVPA as consisting of: "(1) To intentionally or recklessly cause or attempt to cause bodily injury. [¶] (2) Sexual assault. [¶] (3) To place a person in reasonable apprehension of imminent serious bodily injury to that person or to another. [¶] (4) To engage in any behavior that has been or could be enjoined pursuant to Section 6320." (§ 6203, subd. (a).)

6

denying C.O.'s request. (See *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287 ["In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record"].) C.O.'s conclusory claims of error necessarily fail. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

## DISPOSITION

The order is affirmed. Because no respondent's brief was filed in this matter, we do not award costs. (Rule 8.278(a)(5).)


DO, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

7