Filed 4/11/25  Miller v. Clayton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JAMES P. MILLER,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JON R. CLAYTON,<br><br>    Defendant and Appellant. | D082766<br><br><br>(Super. Ct. No. 37-2023-00017036-CU-HR-EC) |

APPEAL from an order of the Superior Court of San Diego County, Peter A. Lynch, Judge.  Affirmed.

Jon Clayton, in pro. per., for Defendant and Appellant.

James Miller, in pro. per.; The Law Offices of Patrick L. McCrary and Patrick L. McCrary for Plaintiff and Respondent.

Jon Clayton (Clayton), a self-represented litigant, appeals from a Code of Civil Procedure[2] section 527.6 civil harassment restraining order prohibiting him from contacting James Miller (Miller) and Miller's wife and daughter.

Clayton is appearing in propria persona as he did in the trial court. Although self-represented, Clayton must follow the same rules of appellate procedure as an attorney. (See *Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 31 [" 'as is the case with attorneys, [self-represented] litigants must follow correct rules of procedure' "]; accord *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 (*Nwosu*) [a self-represented party " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys' "].)

A trial court's judgment or order is presumed correct, and it is the appellant's burden to affirmatively show error on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "]; accord *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) To make this showing, the appellant must present meaningful legal analysis supported by citations to facts in the record and legal authority to support the claim of error. (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457; see Cal. Rules of Court,[3] rule 8.204(a)(1)(C) [briefs must "[s]upport any reference to a matter in the

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]    Undesignated statutory references are to the Code of Civil Procedure.

[3]    All further rule references are to the Rules of Court.

record by a citation to the volume and page number of the record where the matter appears"]; *id.*, (a)(1)(B) [briefs must state each "point under a separate heading or subheading . . . and support each point by argument and, if possible, by citation of authority"].)

In addition, the appellant's factual summary must be limited to "significant facts . . . in the record." (Rule 8.204(a)(2)(C); *CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1 ["it is well established that a reviewing court may not give any consideration to alleged facts that are outside of the record on appeal"].) Importantly, an appellant must include " ' "*all* the material evidence on the point and *not merely* [his or her] *own evidence*" ' " (*Nwosu, supra*, 122 Cal.App.4th at p. 1246).

The appellant must also present an "adequate record" for review. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (*Ballard*).) Rule 8.122(b) sets out the required contents of a clerk's transcript; amongst other items it "must" include "[a]ny . . . document filed . . . in the case in superior court" pertaining to the issues on appeal (*id.*, (b)(3)(A)); and "[a]ny exhibit admitted in evidence, refused, or lodged" (*id.*, (b)(3)(B)).

Here, Clayton has failed to follow these basic rules of appellate procedure. His statement of facts includes factual assertions without citation to the record and relies on asserted facts outside the record to support his arguments. And, while Clayton cites several cases in his argument, he fails to explain how those cases either support his position or demonstrate legal error by the court.

Clayton's arguments also show a misunderstanding of our role as an appellate court. A reviewing court does " 'not reweigh evidence or reassess the credibility of witnesses,' " as it is " ' "not a second trier of fact." ' "

3

(*Reynaud v. Technicolor Creative Services USA, Inc*. (2020) 46 Cal.App.5th 1007, 1015; accord *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 364.)

Most consequential is Clayton's failure to provide us with a proper record. (*Ballard*, *supra*, 41 Cal.3d at pp. 574–575.) The record does not contain support for his characterization of the testimony of Miller and his wife as "false" and "speculative," nor does it contain all the relevant declarations and all the exhibits admitted at the evidentiary hearings, as shown by the court minutes. (See rule 8.122(b)(3)(A), (B).) Without a proper record of the relevant proceedings, we cannot evaluate the evidence presented to the trial court that resulted in the challenged order. Consequently, we must presume the evidence supports the court's findings and that its order was proper based on those findings. (*Jameson*, *supra*, 5 Cal.5th at p. 609; accord *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["To the extent the court relied on documents not before us, our review is hampered. We cannot presume error from an incomplete record."]; *Mountain Lion Coalition v. Fish & Game Com*. (1989) 214 Cal.App.3d 1043, 1051, fn. 9 ["if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"].)

Here, the trial court found the testimony of Miller and his wife to be "credible" and received myriad exhibits (as stated in the court minutes), finding "clear and convincing evidence to support an issuance of a civil harassment order." (See § 527.6, subd. (a)(1) & (b)(3) ["harassment" includes "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose"].) Miller testified that Clayton "targeted his family due to a 6-year ongoing family law case," including attempting "to serve them at home to frighten and alarm his family." He also testified about "other

4

harassing acts." Miller's wife testified that she and her daughter were "afraid" and "emotionally upset" after the sheriff attempted to serve documents at home. Although Clayton denied harassing Miller and his family, trial courts "weigh the evidence and resolve issues of credibility," not appellate courts. (*Jamison v. Jamison* (2008) 164 Cal.App.4th 714, 719.)

Finally, in his reply brief on appeal, Clayton asserts for the first time that the evidence and testimony he presents is protected under the litigation privilege. "[W]e do not consider arguments raised for the first time in a reply brief." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 657; *Mansur v. Ford Motor Co.* (2011) 197 Cal.App.4th 1365, 1387–1388 [appellate court will not consider arguments raised for the first time in reply because it deprives respondent of opportunity to respond].) We decline to consider Clayton's argument here.

We conclude the court's findings are supported by substantial evidence; therefore, we reject Clayton's claims of error.

## DISPOSITION

The trial court's July 5, 2023 order is affirmed.  Respondent is entitled to recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


RUBIN, J.

WE CONCUR:


DATO, Acting P. J.

CASTILLO, J.