Filed 3/3/26  Sisti v. Callahan CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN SISTI, | D085879 |
| Respondent, | |
| v. | (Super. Ct. No. 21FL009420S) |
| ERIN CALLAHAN, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, James T. Atkins, Judge.  Affirmed.

Erin Callahan, in pro per, for Appellant.

No appearance for Respondent.

Erin Callahan, who is self-represented on appeal, challenges the family court's order denying her request for an evidentiary hearing on her petition to modify the court's custody and visitation orders in the case involving her minor child.  She also challenges other alleged errors of the court.  For the reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Callahan and Michael Sisti lived together for several years and are the parents of one child, a minor (daughter). The couple separated in 2021, and in August of that year Sisti, filed a petition for custody and support of daughter.

On July 26, 2024, the court granted sole legal and physical custody of daughter to Sisti and ordered supervised visitation for Callahan of up to six hours per week, with no visit lasting longer than three hours. Further, the court adopted the recommendations of the Family Court Services mediator as the order of the court, including the mediator's recommendation that before Callahan could progress to unsupervised visitation, she would need to show "consistent visitation, positive feedback provided by the professional supervisor supervising the visits, input provided by the conjoint therapist and the mother's individual therapist indicating progress on the issues previously ordered by the Court to be addressed, and positive and cordial interactions between the parents."

On November 25, 2024, Callahan filed a Request for Order (RFO) seeking a change in child custody and visitation orders. She requested that she have physical custody of her daughter from Thursdays after school until Monday morning. She also requested an evidentiary hearing "to hear from child forensic psychologist regarding the mental health of the child" and further requested a "diagnostic assessment" for daughter, with each parent to select someone to conduct the assessment, with results to be presented at the evidentiary hearing. She attached a declaration to her RFO, asserting that a forensic psychologist (unnamed) had reviewed the case and opined that it was vital for daughter's mental health "to be reunited with me expeditiously." Sisti filed an opposition to the RFO, asking that the current orders remain in effect.

The court held a hearing on February 11, 2025. At the hearing, Callahan requested an evidentiary hearing, asserting that there were disputed issues of fact, "especially with regard to" the report of minor's counsel. Specifically, Callahan requested that the conjoint therapist testify.

2

She further stated that she wanted to offer expert testimony but did not state whom she had in mind, other than a "clinician [or] child psychologist [who is] actively treating in the community." Sisti opposed the request. After hearing from all parties, the court took the matter under submission.

The court issued a written order on February 14. In denying Callahan's request for an evidentiary hearing, the court considered each of the various factors under California Rules of Court, rule 5.113(b)[1] (discussed *post*), and concluded that at least some of the factors weighed in favor of Callahan's request for an evidentiary hearing. For example, the court concluded that child custody and visitation were at issue in the case; that parties would have the right to question the author of a report; and that Callahan timely filed and served a witness list.

Nonetheless, the court found good cause to deny the request for an evidentiary hearing:

> "However, the court finds that the proposed testimony relates to issues long ago resolved by the court, including whether [Sisti] perpetrated domestic abuse and whether [Callahan] acted reasonably in attempting to conceal from [Sisti] the abuse perpetrated by [Callahan's] spouse against the child. Finally, the court has found at various times since emergency orders were issued on January 31, 2023, that [Callahan's] conduct has impeded the rehabilitation of the respondent-child relationship, as reflected in the pleadings and resulting court orders. As such, considerations of justice and equity weigh against granting the request."

Callahan timely appealed.

---

[1] Subsequent undesignated rule references are to the California Rules of Court.

**DISCUSSION**

In this appeal, Callahan alleges a number of errors by the family court. We endeavor to address them in turn. As a preliminary matter, we note that the family court's order is presumed correct and it is the appellant's burden to affirmatively show error on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "]; accord, *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

## A. The Trial Court Did Not Err in Denying Request for an Evidentiary Hearing and Expert Testimony

Callahan asserts the court erred by refusing to hold an evidentiary hearing on the issues she raised, including her request for "qualified expert testimony regarding [daughter's] well-being and attachment disruption." We review the court's ruling for abuse of discretion. (*In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 837 [on appeal, the court reviews the denial of an evidentiary hearing for abuse of discretion, unless the issue is one of law, e.g., the interpretation of a statute].)

Family Code section 217 subdivision (a)[2] provides that the court shall receive live testimony relevant to and within the scope of the hearing, subject to subdivision (b). Section 217, subdivision (b) provides: "In appropriate cases, a court may make a finding of good cause to refuse to receive live testimony and shall state its reasons for the finding on the record or in writing."

---

[2] Further undesignated code references are sections of the Family Code.

4

Rule 5.113(b) outlines the factors that the court must consider in exercising its discretion to deny a request for an evidentiary hearing. It requires the court to consider:

> "(1) Whether a substantive matter is at issue—such as child custody, visitation (parenting time), parentage, child support, spousal support, requests for restraining orders, or the characterization, division, or temporary use and control of the property or debt of the parties;
>
> "(2) Whether material facts are in controversy;
>
> "(3) Whether live testimony is necessary for the court to assess the credibility of the parties or other witnesses;
>
> "(4) The right of the parties to question anyone submitting reports or other information to the court;
>
> "(5) Whether a party offering testimony from a non-party has complied with section 217(c); and
>
> "(6) Any other factor that is just and equitable."

As noted *ante,* in its written order, the court expressly considered the factors set forth in rule 5.113(b). Although it concluded that Callahan met some of the factors, it found that "material facts are not in controversy" and that "live testimony is not necessary to assess the credibility of the parties or other witnesses." In particular, the court concluded that "the proposed testimony relates to issues long ago resolved by the court" and that "considerations of justice and equity weigh against granting the request" because Callahan's "conduct has impeded the rehabilitation of the [mother]-child relationship, as reflected in the pleadings and resulting court orders."

On appeal, Callahan asserts that her experts addressed new evidence not previously considered by the court, but we cannot assess her contention because there are no reports or statements of any kind in the record before us, and therefore we do not know what had been presented to the court as to

5

any such new evidence. (*CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1 ["it is well established that a reviewing court may not give any consideration to alleged facts that are outside of the record on appeal"].) Rule 8.122(b) sets out the required contents of a clerk's transcript. Among other requirements, it "must" include "[a]ny . . . document filed . . . in the case in superior court" pertaining to the issues on appeal (rule 8.122(b)(3)(A)). Accordingly, Callahan has not met her burden of establishing that the court erred in denying her request for an evidentiary hearing and expert testimony.

### B. Callahan Has Not Shown Other Errors by the Court

Callahan asserts a variety of other issues on appeal. She contends that the court failed to consider psychological abuse (although this argument is not clearly presented, we presume she refers to alleged psychological abuse of daughter perpetrated by Sisti) and therefore the court failed to apply the mandatory presumption under section 3044. That section creates a rebuttable presumption "upon a finding by the court" of domestic violence that granting custody to the person who has perpetrated domestic violence against a child or other person would be detrimental to the child's best interest.

There are two problems with this argument. First, the court made no such finding. Thus, the cases cited by Callahan are inapposite. (See *In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1498–1499 [court found father had previously engaged in domestic violence against mother]; *In re C.M.* (2014) 232 Cal.App.4th 1394 [juvenile court case that does not address section 3044].) Second, the record on appeal includes no evidence of psychological abuse of daughter by anyone.

Callahan further contends that the court violated her rights under the ADA, which we understand to refer to the Americans with Disabilities Act of

6

1990.  This issue is undeveloped in Callahan's briefing, was not presented to the trial court, and is not supported by citations to the record or to legal authority.  We decline to consider it here.

Callahan contends that the trial court erred in denying a psychological evaluation of daughter under Evidence Code section 730.  It appears that request was not made before the trial court, either in the RFO or at the hearing.  Here too the case cited by Callahan in support of her argument are inapposite, and she relies upon declarations that are not in the record before us.

Finally, Callahan contends that the court should not have considered her failure to pay prior sanction amounts in deciding whether to grant an evidentiary hearing, nor should the court have considered her postings on TikTok about the case.  Opposing counsel in fact raised such matters at the hearing as equitable matters for the court to consider, but nothing in the court's statements at the hearings or in the court's written order suggested that the court in fact considered these arguments.

### DISPOSITION

The order is affirmed.

KELETY, J.

WE CONCUR:

McCONNELL, P. J.

DATO, J.

7