Filed 11/22/23  Cherie v. City of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| BERHANE CHERIE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF SAN DIEGO,<br><br>    Defendant and Respondent. | D080951<br><br><br>(Super. Ct. No. 37-2019-00056531-CU-WT-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Berhane Cherie, in pro. per., for Plaintiff and Appellant.

Mara W. Elliott, City Attorney, and Paul H. James, Deputy City Attorney, for Defendant and Respondent.

MEMORANDUM OPINION

In this wrongful termination action originally filed in 2019, self-represented Berhane Cherie appeals a judgment entered after the trial court granted City of San Diego's (City) motion for summary judgment.  On appeal, Cherie does not directly challenge this ruling.  Instead, he seeks to litigate the underlying matter and introduce an additional theory of liability.  We

resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The appellate record supplied by Cherie is insufficient to support a proper factual and procedural summary.  For context, however, we provide the following summary based on the register of actions and the trial court's minute order.

In October 2019, Cherie filed a wrongful termination complaint against City based on alleged disability discrimination, failure to prevent disability discrimination, failure to accommodate disability, failure to engage in the interactive disability accommodation process, and retaliation.

Roughly 20 months later, Cherie filed a First Amended Complaint.  On August 20, 2021, City filed a Motion for Summary Judgment, or in the alternative, Summary Adjudication.  City contended that none of Cherie's causes of action had "merit" and there were "no triable issue[s] of material fact as to the matters sought to be adjudicated."  The court continued the trial date to March 25, 2022.  City filed an Amended Motion for Summary Judgment, or in the alternative, Summary Adjudication on December 3, 2021.  On February 3, 2022, Cherie and City stipulated to continuing the summary judgment motion hearing to June 17, 2022.  On February 4, 2022, Cherie filed a substitution of attorney and became a self-represented litigant. Cherie did not file an opposition to either of City's summary judgment motions.

The trial court granted City's summary judgment motion on June 17, 2022.  Because Cherie responded to neither the original motion for summary judgment nor the amended motion, the trial court noted City's motion was unopposed and construed Cherie's lack of opposition as a "concession on the

2

merits of the motion." The trial court found that Cherie had "not established a triable issue of fact" and thus City was "entitled to summary judgment as a matter of law."

## DISCUSSION

On appeal, Cherie appears to assert the trial court erred by granting City's summary judgment motion. He further asserts an additional theory of liability—that he suffered illegal discrimination based on his race or national origin while employed by City. As best we can discern, Cherie argues that there *are* triable issues of material fact and that the trial court erred by granting City's summary judgment motion. He seems to contend that his failure to oppose City's motion for summary judgment should be excused because he did not have "the right lawyer to represent [him] and COVID-19 during that time." Given his nonresponse to City's motion, he believes the "judgement was made without information needed to make the right decision." Cherie does not enumerate what that information was or how he planned to get the trial court that information if he was "allowed another chance to have the right judgement."

### I.

Sensitive to the challenges faced by self-represented litigants on appeal, we summarize some of the basic rules of the appellate process. We start with a presumption that the judgment or order being appealed is correct; the burden is on the appellant to affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "].)

To make this showing, the appellant must present meaningful legal analysis supported by citations to facts in the record and authority to support

the claim of error.  (See Cal. Rules of Court, rule 8.204(a)(1)(C) [briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]; *id.*, (a)(1)(B) [briefs must state each "point under a separate heading or subheading . . . and support each point by argument and, if possible, by citation of authority"].)  In addition, the appellant's briefs must include "significant facts . . . in the record."  (Rule 8.204(a)(2)(C); *CIT Group / Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1 ["it is well established that a reviewing court may not give any consideration to alleged facts that are outside of the record on appeal"].)  They must also include " ' "*all* the material evidence on the point and *not merely* [his or her] *own evidence*[.]" ' "  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246).

An appellant is bound by additional rules of appellate procedure designed to facilitate our review of claims of reversible error.  For example, " '[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' "  (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)

Here, Cherie's appellate briefing does not comply with those requirements.  Both Cherie's opening and reply briefs are largely recitations of his understanding of the facts; neither asserts a reasoned legal argument or citations to authority.  Cherie's opening brief also asserts a new theory of liability, namely that City unlawfully discriminated against him based on his race and national origin.  He does not cite to any authority to support this new allegation or to confront the issue of raising it for the first time on appeal.  Thus, Cherie waived the arguments raised in his opening and reply briefs.

4

## II.

Further, it is an appellant's burden to provide an adequate record establishing error. (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178.) Generally, an appellant must include in the record either a reporter's transcript or a settled statement. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 977 ["Without a complete record, we are unable to determine whether substantial evidence supported the implied findings underlying the trial court's order."].) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Foust*, at p. 187.) These rules of appellate procedure apply regardless of whether an appellant is represented by counsel or is self-represented. (*Nwosu, supra*, 122 Cal.App.4th at p. 1247.)

"Summary judgment is appropriate only 'where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.' " (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) We generally independently review the court's grant of summary judgment and decide whether the facts warrant judgment for the moving party, determining their effect as a matter of law. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.) However, we review a trial court's decision for abuse of discretion when it relies on the opposing party's failure to comply with procedural requirements. (*Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208.)

"A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense. [Citations.] If the defendant does so, the burden then shifts to the

5

plaintiff to produce admissible evidence demonstrating a triable issue of material fact as to the claim or defense. [Citations.] Theories that are not supported by evidence will not raise a triable issue." (*AToN Center, Inc. v. United Healthcare Insurance Company* (2023) 93 Cal.App.5th 1214, 1229 (*AToN*), citing Code Civ. Proc., § 437c, subd. (p)(2).) When a party fails to meet its opposition obligations for a motion for summary judgment, the trial court has discretion to either grant the motion or to continue the motion to allow the filing of a cured opposition. (Code Civ. Proc., § 437c.)

" ' " '[O]n review of a summary judgment, the appellant has the burden of showing error.' " ' " (*AToN, supra*, 93 Cal.App.5th at p. 1230.) An appellate court's role is to determine whether any error occurred, and if so, whether that error was prejudicial to the appellant. (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531 [" '[t]he Court of Appeal is not a second trier of fact' "].)

Here, Cherie did not submit responsive pleadings to the trial court. Before ruling, the trial court cited multiple times that City's motion was unopposed. Given Cherie's nonopposition, the trial court found City was entitled to "summary judgment as a matter of law" because "none of [Cherie's] causes of action against the City ha[d] merit."

The appellate record before us is insufficient to establish that the trial court erred in granting City's motion for summary judgment. Specifically, the record consists of the complaint, first amended complaint, a copy of the minute order and notice of entry of judgment, and a summary from the register of actions. Notably, it does not include the motion for summary judgment or a transcript of the hearing. Any ambiguity in the record is resolved in favor of the judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608.) "By failing to provide an adequate record, [Cherie] cannot meet his

6

burden to show error and we must resolve any challenge . . . against him." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)  Thus, on this limited and insufficient record, we are unable to conduct a meaningful review of Cherie's asserted error and must resolve this appeal in favor of the judgment.

DISPOSITION

The judgment is affirmed.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.

7